# SUPREME COURT.

## Daniel E. Sickles agt. The Manhattan Gas-Light Company.

*Gas companies — Injunction — Company's meter not to be regarded as conclusive as to the quantity of gas consumed and charged for — Right of consumer to an injunction in the case of disputed charge.*

A gas company's meter, even after being tested and inspected according to law, is not to be regarded as the absolute test of the quantity of gas consumed and charged for, but may be contested by other reliable testimony.

When a dispute arises between the company and a consumer, the latter is entitled to an injunction to prevent the cutting off of the supply of gas until the cause can be tried.

*Special Term, January,* 1884.

Trial of issues of fact.

*John Graham,* for plaintiff.

*Henry H. Anderson,* for defendant.

Van Vorst, *J.* — It is urged by the learned counsel for the defendant that the Laws of 1859 (*chap.* 11) provide for the appointment of a state inspector, by whom every gas meter, before it is used by the defendant, shall be tested and sealed, and that such meter is by the statute made the legal measure of gas, as between the consumer and the company, and that, as the same statute is careful to provide, that in case a consumer shall question the correctness of any meter, the company is required to test it, in the presence of the consumer, if required, and that if then dissatisfied with the test made by the company the consumer may have the meter re-inspected by the state inspector, it is evident that the statute intended that the registry of the meter should be the test of the amount consumed, and be the arbiter between the parties.

Strong as this position is, it has already been considered by

Sickles agt. Manhattan Gas-Light Company.

this court, and the result reached is in substance adverse to the counsel's contention.

The meter and its registry has not been received, by this court, as conclusive of the correctness of the defendant's claim for gas consumed by the plaintiff. On the motion for the injunction in this case, to restrain the removal of the meter from the plaintiff's premises, and from cutting off the gas therefrom, heard before Mr. justice LAWRENCE, it distinctly appeared that the meter in question had been sealed by the state inspector as correct, pursuant to the Laws of 1859, as it did also that the defendants had provided and kept upon its premises a suitable apparatus, approved and sealed by the state inspector, for testing and proving the accuracy of gas meters, provided for use by the company, and that the meter, of which complaint is made, was on the 16th November, 1881, proved and tested, by means of the apparatus above mentioned, and that it was found to register four feet slow, and that with such exception, the meter was in good condition and working order. It also appeared by the affidavit of the secretary of the American Meter Company, who was familiar with the construction and operation of gas meters, that "it is impossible for the meter to register or indicate gas without gas passing through it." The president of the company who is acquainted with the construction and use of gas meters, also testified on that motion "that if gas is completely shut off from a meter, it is impossible for any registry to be made by the indices." The injunction to restrain the removal of the meter was allowed by the judge at special term, and the correctness of the decision has been affirmed at the general term. The grounds and the reasons stated in the opinion of the learned judge at special term, and which cover the case, were approved at the general term. The case made by the defendants on this trial is not essentially different from what it was, when before the special and general terms on the above occasions. The testimony of the expert witnesses, given upon this trial, as to the rigid accuracy of the gas meter in its

registry of gas consumed, and as to the impossibility that gas should be indicated, unless it had actually passed through the meter, is only cumulative. The accuracy of the registry by the meter upon which the bills rendered by the defendants are exclusively based, is now questioned, as it was before, through evidence tending to show the amount of gas actually consumed, and how and under what regulations it was used by the plaintiff, as it is also, by evidence, that the meter registered a consumption of gas during a period when no gas passed through it.

It is with this latter subject that I will principally deal, as I conclude it to be decisive of this case. Upon the plaintiff's departure for Europe, on the 29th day of January, 1881, the gas was cut off by the janitor of the building, close to the meter, and it remained cut off until the sixth May following. That no gas actually passed the meter during that period is proved as satisfactorily as such fact could be. The janitor of the building, who performed both acts, has testified to these facts, as he has to the further fact that no gas was used on the premises during that period. And yet the servant of the company has registered 100 feet of gas as passing through the meter and consumed by the plaintiff between the 17th day of March and the 18th day of April, 1881.

A witness named Dunn was called on behalf of the defendant, who testified that he was upon the plaintiff's premises during every month of his absence therefrom and that he found gas burning there. If this witness testified truly, and it be claimed that the gas he saw burning psssed through the meter that supplied the plaintiff's premises, then he proves too much for the soundness of the defendant's case. It is shown that the meter did not register gas during the month of February and up to the seventeenth day of March, whilst the non-registry during that period corroborates the testimony of the janitor. Notwithstanding the testimony of the witness Dunn, I find no difficulty in accepting the testimony of the janitor as strictly true and reliable.

Sickles agt. Manhattan Gas-Light Company.

The general term, in referring to this particular subject, in its opinion, says: " The amount of the overcharge is very small, but since the ' defendant's right to cut off the gas is given by statute, and depends upon the sole condition of the plaintiff's refusal to pay for the gas actually consumed, the amount of the overcharge, if one be clearly established, is immaterial to the inquiry."

Whether this overcharge was the result of a defect in the meter or an error in the registry, can make no difference. The defendant claims it, and the plaintiff is aggrieved to that extent. There is another conceivable solution, and that is, that some person other than the janitor may have, without his knowledge, turned on the gas for a short time and then cut it off again. But of that there is no evidence, and the adoption of such a conclusion would be speculative or conjectural only. It is inconclusive in the face of the testimony of the janitor. As the gas was certainly turned off on the twenth-ninth January, and there being no evidence that it was turned on again until the sixth May following, under the fact above referred to, the presumption would be that it was actually cut off during the whole interim. As to the correctness of the defendant's charges for gas, claimed to have been consumed by the plaintiff during the other months in controversy, it is not possible for me to determine accurately. If I should adopt the registry thereof claimed to have been taken by the defendant's servants, the items are severally correct.

The plaintiff has shown several absences from the city, covering a considerable portion of the period embraced by these items, during which gas was not consumed in a portion of his premises, which by comparison, month with month, and otherwise, as is urged, show that no such amount of gas as is charged for was in fact consumed. Any attempt to adjust the matter outside of adopting the returns of gas registered by the meter, would be largely speculative and unsatisfactory under the evidence, and yet a cloud is cast upon these returns by the charge made for the 100 feet of gas which was

not consumed. As it is, under the facts with respect to that 100 feet of gas charged for, and the law as already established for this case, there must be judgment for the plaintiff, restraining the defendant from removing the meter, leaving to the defendant the right to establish its claim for gas actually consumed, by an appropriate action at law, if the parties cannot themselves adjust it without recourse to legal measures.