proçeeding. It appears that his name and address has appeared in the city directory of the city of Brooklyn (where the judgment was docketed) for several years; that the name and address of the attorney of record who procured the judgment has also appeared in the same city directory, and also in the telephone directory of the city of Brooklyn, and yet the place of residence of the judgment creditor was given as Hoboken, N. J., a place where he never resided.

The bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) provides that the bankrupt shall schedule his property, showing the amount and kind of property, the location thereof, and a list of his creditors, showing their residence, if known, or, if unknown, that fact to be stated. This the bankrupt did not do. Inquiry of the attorney of record would have revealed the residence of the creditor, or he might have ascertained the judgment creditor's place of residence by consulting the Brooklyn City Directory, where the judgment was docketed; but, instead of doing this, gave a fictitious address. Plaintiff's debt was not properly scheduled, and the order directing that the judgment be canceled and discharged of record must be reveresd, with $10 costs and disbursements. All concur.

---

NEW YORK & QUEENS ELECTRIC LIGHT & POWER CO. v. LONG ISLAND MACHINE & MARINE CONST. CO.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. ELECTRICITY—SUPPLY OF POWER—CONTRACTS—CONSTRUCTION.
Where defendant agreed to pay for electric current furnished by plaintiff at the rate of "ten cents for each horse-power hour, as measured * * * by the meter provided" by plaintiff, defendant was liable only for the amount of current actually supplied, and not for the amount shown by a defective meter.

2. SAME—QUESTIONS FOR JURY.
Where defendant agreed to pay for electric current furnished by plaintiff at a certain rate as shown by plaintiff's meter, and the meter proved to be defective, the question whether or not defendant received and used the amount registered by the meter was, in an action to recover for current furnished, one for the jury.

3. SAME—BURDEN OF PROOF.
In an action to recover for electric current furnished defendant by plaintiff under a contract requiring defendant to pay for the amount of current registered by a meter supplied by plaintiff, the meter established a prima facie case for plaintiff, and the burden of showing that it was inaccurate was on defendant.

Appeal from Trial Term, Queens County.

Action by the New York & Queens Electric Light & Power Company against the Long Island Machine & Marine Construction Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Sidney F. Rawson (Paris S. Russell, on the brief), for appellant.
George W. Schoonmaker, for respondent.

WOODWARD, J.  The action was brought by the plaintiff, a quasi public corporation engaged in selling electric current for light and power, upon an express contract made with the defendant, a manufacturing corporation engaged in repair work, in which contract the defendant agreed to pay for the electric current furnished by the plaintiff "at the rate of ten (10) cents for each horse-power hour, as measured at and by the meter provided by the [plaintiff] company." The defendant used the current, and paid the monthly bills rendered therefor, for a period of three years, when, on August 20, 1904, the plaintiff discovered that an error had been made in each of the previous monthly readings by the various inspectors of the plaintiff, who, having omitted a cipher in the reading of the units, had during this entire period been rendering bills which it is claimed gave only about one-tenth of the current used by the defendant in this time.  The plaintiff, relying on the words of the contract, presented an additional charge for $3,828.36, or for $1,650 a year, as against the annual charge of $350, which the plaintiff had paid.

It appears that the defendant for several months paid the bills made in accordance with this new reading of the meter, but he refused to pay the amount claimed by the plaintiff as due before the discovery of the error.  Though the court admitted the evidence of the defendant, which showed that the plaintiff's meter was inaccurate and that the new reading of the current was altogether disproportionate to the horse-power employed, and though the plaintiff's witnesses testified that they had been accustomed to read the meter improperly, and that such meter had never during the period in controversy been properly tested, and that when finally tested it was found to be 13 per cent. fast, yet the ruling of the court was that no question of fact was presented.  A verdict was therefore directed for the plaintiff for the full amount, with interest.

I am of the opinion that this was error.  The current, as indicated by the new reading of the meter, was shown by the evidence to be sufficient to have run a horse power several times greater than the defendant used.  The ruling of the court that the defendant pay "as per meter" ignores the express and important stipulation that the defendant shall pay at the rate of 10 cents for "each horse-power hour." The horse-power hour is then the standard.  All of the evidence shows that the meter was inaccurate and that deviations may have been caused by vibrations, and since strictly to construe the contract would here work a manifest injustice, and place upon the defendant the burden of the plaintiff's own carelessness and neglect, the case should have been left to the jury.  The contract plainly intends that the defendant shall pay only for the amount of electricity used by him, and whether or not the defendant received and used the amount registered by the meter was a question solely of fact.

I think that the case of Sickles v. Manhattan Gaslight Co., 66 How. Prac. 314, applies.  In this case it was held that the meter may be contested by other reliable testimony.  "The meter," said Justice Van Vorst in his opinion, "has not been received, by this court, as conclusive of the correctness of the defendant's claim for gas consumed by the plaintiff."  In the case at bar, as the meter establishes a prima

facie case for the plaintiff, the burden is upon the defendant to impeach its veracity, and if he is able to do this the issue is properly one for the jury.   Under the ruling of the court there would be no redress for the defendant if an inaccurate meter should register a consumption calling for an impossible payment.   The stipulation to pay as per meter presupposes that the meter is reliable and correct.   I do not see why the defendant should be held to this inaccurate registration, and why, also, he should be held to account for the inaccurate readings of the plaintiff continued by its own admission for nearly three years.

The plaintiff can ask relief from its own error only to the amount of actual consumption.   What this is must be determined on the basis of the horse power of the defendant.   The plaintiff cannot hold the defendant to the letter, unless it can prove the continued accuracy of the meter by regular and standardized inspection.   This it has wholly failed to do, and the defendant is entitled to relief.   That he should be required to pay for an amount of current vastly greater than that consumed by him would be unjust.   An increase of $1,650 a year on so small a business would be manifestly ruinous.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.   All concur.