SPENCER LIGHT, HEAT AND POWER COMPANY *v.*
BOARD OF COMMISSIONERS OF OWEN COUNTY.

[No. 10,515.    Filed November 17, 1920.]

1. DAMAGES.—*Calculation by Jury.—Electricity.*—In an action
to recover overcharge caused by a defective meter, where the
amount of light used per month was substantially the same
during the periods involved before and after the installation
of a correct meter and where the bills for current showed that
the defective meter had registered at about the same rate at
all times, the jury was authorized to calculate the difference
between the average monthly charges before and after the
installation of the correct meter in determining the amount of
the verdict.    p. 200.

2. APPEAL.— *Review.— Evidence.— Sufficiency.*— Where the evi-
dence would have justified a much larger verdict than that
returned, the latter is fully sustained by the evidence.    p. 200.

3. EVIDENCE.— *Inference Upon Inference.— Basis of Proved
Fact.*—An inferred fact may become the basis of another fact,
yet in the beginning of the line of inferences there must be
found a proved or known fact.    p. 201.

4. ELECTRICITY.—*Defective Meter.—Action for Overcharge.—Evi-
dence.*—In an action to recover overcharges for electric cur-
rent caused by a defective meter, evidence of the number and
character of lights and the bills rendered therefor, both before
and after the new meter was installed, was admissible on the
issue as to whether the old meter was creeping or fast during
all the time of its use.    p. 202.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by the board of commissioners of Owen
county, Indiana, against the Spencer Light, Heat and
Power Company.    From a judgment for plaintiff, the
defendant appeals.    *Affirmed.*

*Homer Elliott, S. C. Kivett* and *Miller & Blair,* for
appellant.

*Willis Hickam, Herbert Hickam* and *Willis Hickam,
Jr.,* for appellee.

REMY, J.—This appeal is from a judgment in favor
of appellee for $741.94, in an action to recover over-

charges alleged to have been paid by appellee because of a defective meter installed and maintained by appellant in the Owen county courthouse. The only assigned error is the court's action in overruling appellant's motion for a new trial; and the only reasons for a new trial which are properly presented for our consideration are: (1) The verdict of the jury is not sustained by sufficient evidence; and (2) error in the admission of certain evidence.

The evidence discloses that appellant installed a meter in the basement of the courthouse, and began to light the courthouse with electricity on June 11, 1911.

1-2. The number of lights placed in the entire building at first was 262, which number was never increased, but gradually diminished. From July 11, 1911, to June 1, 1916, appellant charged against, and collected from, appellee the total sum of $2,020.39, which was an average of $36.09 per month. During this entire period appellee was protesting that the monthly bills were too much, and paid the same under protest. In May, 1916, at the request of appellee, a representative of the Public Service Commission of Indiana made an inspection of the meter and found from such inspection, and reported to appellee, that the meter had been running fast 1.5 per cent. on heavy loads, 2.9 per cent. on one-half loads, and 23.5 per cent. on light loads. The bills of appellant showed that the meter had been registering at about the same rate during all of the time prior to May 30, 1916, the date on which a meter that registered correctly had been installed. After the installation of the new meter, and for a period of twenty-three months, the bills for electric current used in lighting the courthouse aggregated only $194, or $8.43 per month, although the amount of light used per month was, during all of the time from July 11, 1911, substantially the same. It will be observed that the difference between

the average monthly charge of $8.43 after the installation of the new meter, and of the said monthly charge of $36.09 while the old meter was in use, was $29.64. By this calculation, which under the evidence the jury was authorized to make, the verdict might have been much larger than that returned. The verdict is therefore fully sustained by the evidence. See *New York, etc., Power Co.* v. *Long Island, etc., Construction Co.* (1908), 123 App. Div. 552, 108 N. Y. Supp. 176.

It is next urged by appellant that it was error on the part of the trial court to admit in evidence the testimony of certain witnesses as to the number and size of the lights used in lighting the courthouse, the number of hours they were used, and the bills rendered for such lights, after the defective meter was replaced by the new one. Appellant concedes that the old meter, when inspected in May, 1916, was defective and running fast, and that the new meter installed May 30, 1916, registered correctly at that time; but it is contended by appellant that, since the evidence does not show that the new meter had been tested from time to time during the twenty-three months after it had been installed, the action of the court is error, for the reason that such evidence formed the basis for a conclusion that the old meter was defective at all times, which conclusion could only be reached by building inference upon inference.

The expression that "an inference upon an inference will not be permitted" is not an accurate statement of the law. Wigmore in his valuable treatise on the Law of Evidence has said: "There is no such rule; nor can there be. * * * The fallacious and inpracticable limitation, originally put forward without authority, must be taken as valid only for the particular evidentiary facts therein ruled upon." 1 Wigmore, Evidence §41. In *Cleveland, etc., R. Co.* v. *Starks* (1915), 58 Ind. App. 341, 106 N. E. 646, this

court correctly states the rule to be "that while the inferred fact may become the basis of another inferred fact, yet in the beginning of the line of inferences, there must be found a proven or known fact." See also *Public Sav. Ins. Co.* v. *Greenwald* (1918), 68 Ind. App. 609, 118 N. E. 556, 121 N. E. 47.

Under the issues in this case, it was for the jury to find what amount, if anything, was due appellee because of the alleged overcharge for electricity. If there had been an overcharge each month from July 11, 1911, to May 30, 1916, as claimed, it was because the meter was creeping or fast during all of that time. On this issue the facts as to the number and character of the lights, together with the bills rendered therefor, both before and after the new meter was installed, were properly admitted in evidence. The weight of such evidence, and the inferences to be drawn therefrom, were for the jury.

The judgment is affirmed.