## SCHOMER v STATE ex BETTMAN, Etc

Ohio Appeals, 1st Dist, Butler Co

No 599.  Decided Nov 9, 1933

John A. Crist, Middletown, and Walter S. Harlan, Hamilton, for plaintiff in error.
John W. Bricker, Columbus, Oscar A. Brown, Hamilton, Paul A. Baden, Hamilton, for defendant in error.

GUERNSEY, J, (3rd Dist) sitting by designation.

450

**OPINION**

By ROSS, J.

The first assignment of error is addressed to the activity of the attorney for the widow, who admitted in his testimony that he had been active in assisting the Attorney General' in trying the case, interviewing witnesses, and that he went in and out of the court room while engaged in such assistance during the trial.

The attorney was an officer of the Court and subject to the control of the trial judge. We find nothing in the record to indicate that the court abused his discretion in permitting the activity on the part of the attorney of which complaint is made. If the matter had been seasonably brought to the attention of the trial judge, orders could have been issued to the attorney, which would have prevented the acts objected to now.

We find no prejudicial error in this assignment.

It is claimed that there was a total failure of proof that the deceased received the injury resulting in his death by reason of, and during the course of his employment.

An examination of the record discloses that the trial court was unduly strict in limiting the examination of the widow as to statements of the deceased constituting res gestae. Any relevant statement made by the deceased immediately after the injury bearing a character of spontaneity would be competent. Such statements were excluded and wrongfully so. They would have complied with the requirements indicated as necessary in **Weaver v Industrial Commission of Ohio, 125 Oh St 465,** and **Coutellier v Industrial Commission, Ohio Bar, May 29, 1933, page 108.**

If the exhibit attached to the petition and later offered in evidence complies with the provisions of §1465-74, there was sufficient evidence on all points involved to make a prima facie case and sustain the verdict of the jury.

This section provides in part as follows:

"In such action it· shall be sufficient for plaintiff to set forth a copy of the record of proceedings of the commission relative to such claims as certified by the commission to the attorney general and to state that there is due to plaintitff on account of such finding and award of the commission a specified sum which plaintiff claims with interest. A certified copy of such record of proceedings in such claim shall be attached to the petition and shall constitute prima facie evidence of the truth of the facts therein contained."

We can not believe that the legislature by the use of the words "record of proceedings" intended to require a written transcript of the evidence and exhibits presented to the Commission to be attached to the petition. In a suit against the Commission after rehearing as provided in §1465-90 GC, appropriate language is used to require such complete transcript:

"Within ten days after the filing of the answer the Industrial Commission shall certify to such court a transcript of the record of such rehearing, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record and no other evidence; * * *"

The legislature therefore draws a distinction between a "record of the proceedngs" and a "transcript of the record".

We consider therefore that the exhibit was sufficient compliance with the requirements of §1465-74 GC, and in itself presented a prima facie case.

It is next claimed that a witness was erroneously permitted to testify as to the evidence given by two witnesses who testified before the Commission; such· witnesses at the trial in the Court of Common Pleas being beyond the jurisdiction of the court.

Section 11,496 GC provides as follows:

"When a party or witness after testifying orally, dies, is beyond the jurisdiction of the court, can not be found after diligent search, or is insane, or, through any physi-

cal or mental infirmity, is unable to testify, or has been summoned, but appears to have been kept away by the adverse party, if the evidence given by such party or witness is incorporated into a bill of exceptions, in the case wherein such evidence was given, as being all the evidence given by such party or witness, and such bill has been duly signed by the judge or court before whom such evidence was given, the evidence so incorporated into such bill of exceptions, may be read in evidence by either party on a further trial of the case. If no bill of exceptions has been taken or signed as aforesaid, but the evidence of such party or witness has been taken down by an official stenographer, the evidence so taken may be read in evidence by either party on the further trial of the case, and shall be prima facie evidence of what such deceased party or witness testified to orally on the former trial. If such evidence has not been taken by such stenographer, it may be proved by witnesses who were present at the former trial, having knowledge of such testimony. All testimony so offered shall be open to all objections which might be taken, if the witness was personally present."

It is objected that the trial before the Court of Common Pleas was not a "further trial of the case." Such construction is not maintainable in view of the provisions of the act which obviously treats the progress of the matter as one entire proceeding from the time the claim is filed with the Commission until the final disposition of the matter either by a denial of the claim at the hands of a jury, after a rehearing or the collection of the award from a non-complying employer.

It is further urged that the provisions of §11,496 GC are to be taken seriatum in extending the exceptions to the hearsay rule. We agree with this conception of the section. Taking the several exigencies in order:— The law makes no provision in hearings before the Industrial Commission for a bill of exceptions signed or unsigned, nor for any official stenographer for the Commission.

The last exception is, therefore, only applicable—that is, the evidence not having been taken by "such" (official) stenographer, the testimony may be given by witnesses who heard it.

While certain specific criticisms of the charge are noted, we find upon reading the whole charge that the issues were fully and fairly presented, and the jury could not have been misled as to the law applicable.

It is very easy to pick out isolated phrases in a charge and subject the same to criticism. The whole charge must be considered, and if from the entire charge it appears that a correct statement of the law was given in such a manner that the jury could not have been misled, no prejudicial error can intervene.

There was no request for additional instructions.

On the weight of the evidence, we find ample evidence to sustain the verdict.

In the other assignments of error, we find nothing to justify us in disturbing the judgment, which is affirmed.

HAMILTON, PJ, and GUERNSEY, J, concur.