Finding no prejudicial error, the judgment is affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and STEVENS, J., concur.

INDUSTRIAL COMMISSION OF OHIO *v.* GLICK.

(Decided November 13, 1934.)

*Mr. John W. Bricker,* attorney general, *Mr. R. R.*

*Zurmehly* and *Mr. Raymond J. Kunkel*, for plaintiff in error.

*Mr. Phineas Phillips* and *Mr. F. E. Burnett*, for defendant in error.

Ross, J. This is a proceeding in error to reverse a judgment of the Common Pleas Court of Hamilton county in favor of Ida Glick, the plaintiff in that court. The action was brought by plaintiff to secure a certification of the right to participate in the State Insurance Fund, as a dependent of a deceased employee.

The sole question presented by the proceeding in error involves the admissibility of the testimony of a deceased witness, who testified at the initial hearing before a referee appointed by the Industrial Commission. The transcript of the testimony of this witness was offered by the plaintiff below, and, over the objection of plaintiff in error, was admitted. Without this evidence there would be no proof of the cause of the injury.

It is admitted that the testimony of a deceased witness given at a rehearing would be competent at a further trial of the matter, and the Supreme Court has so held. *Industrial Commission* v. *Bartholome,* 128 Ohio St., 13, 190 N. E., 193.

Section 1465-47a, General Code, provides: "The industrial commission may designate at any time one or more referees in the department of industrial relations, who shall act until the designation is revoked, to conduct hearings, re-hearings or investigations on matters within its jurisdiction. The referees shall have the same powers in connection with such hearings, re-hearings and investigations as a member of the commission, with authority to administer oaths, to take testimony, to take depositions, and with the further authority to require the attendance of witnesses, the production of books, accounts, papers, records and documents, the same as the commission.

"In cases where a transcript of testimony and evidence is required by law, or by the commission, or when requested by the claimant or employer, the referee shall submit to the commission a transcript of the testimony and evidence, containing all rulings on objections and exceptions and any stipulations and proffers made, accompanying the same with a report setting forth his findings of fact and conclusions of law.

"Wherever transcripts of testimony and evidence are not required or requested, the referee shall submit to the commission written reports setting forth his findings of fact and conclusions of law. The commission may order additional testimony to be taken or permit the introduction of further documentary evidence.

"A report of the referee may be approved, modified or disapproved by the commission, and the final action of the commission on such report or on a transcript of testimony and evidence, shall have the same force and effect as if such hearings, re-hearings, or investigations had been conducted by the commission.

"All interested parties shall be notified of the date and the time of the hearing before the commission on such reports and transcripts of testimony and evidence, and they shall be given an opportunity to be heard at such hearings if they so desire.

"The commission is authorized to adopt all necessary rules to carry the powers herein granted into effect."

See, also, Section 1465-90, General Code.

This court stated in *Schomer* v. *State, ex rel. Bettman, Atty. Genl.*, 47 Ohio App., 84, 190 N. E., 638, that in its opinion the several steps occurring in the prosecution of a claim under the Workmen's Compensation Act, from the time the application was filed until final adjudication of the claim, constituted several trials of the issues presented by the application. We still ad-

here to this opinion. In the statute just quoted it is apparent that the hearing before the referee takes on all the aspects, dignity, and importance of a trial. The referee acts in a dual capacity, as a *pseudo* judge and as a representative of the commission.

The testimony in question is that of the deceased witness, George Frey. The bill of exceptions contains the following:

"Mr. Kunkel: I want the record to show I make a motion for a directed verdict, which is overruled, and note an exception.

"Mr. Kunkel: It is stipulated by and between counsel that the testimony of George Frey, now deceased, was taken on November 1, 1932, orally, and subsequently reduced to writing. George Frey died since November 1, 1932, and the transcript of the testimony taken on November 1, 1932, was offered in evidence.

"Counsel for defendant objected to the competency of this testimony since the witness was not personally present before the referee at such re-hearing, the testimony being purely hearsay. The objection is overruled, to which counsel for defendants excepts."

The referee, after the initial hearing, recommended participation in the fund, but this recommendation was rejected by the commission and participation in the fund denied. At the rehearing, Frey being dead, and his testimony having been transcribed, it was offered and refused by the referee. Participation was again denied. The testimony of Frey is set out in full as a profert at the rehearing. It shows that after Frey had testified in chief, he was cross-examined at length by the referee on behalf of the commission.

Our conclusion is that the evidence of Frey's testimony should have been admitted at the rehearing, and was properly admitted at the trial in the Court of Common Pleas.

The provisions of Section 11496, General Code, are,

in our opinion, as applicable to the initial or oral hearing as to the rehearing, and we so hold.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.