INDUSTRIAL COMMISSION v BORSET

Ohio Appeals, 2nd Dist, Greene Co

No 406.   Decided Nov 27, 1935

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Attorney General, Columbus, and Marcus McCallister, Prosecuting Attorney, Columbus, for plaintiff in error.

T. J. Duffy, Columbus, and Miller & Finney, Xenia, for defendant in error.

**OPINION**

By HORNBECK, J.

The error claimed is that there is no proof that the death of plaintiff's decedent was caused by accidental injury, and that the court should have sustained the motions of defendant for directed verdict at the close of the plaintiff's case and at the conclusion of the entire case.

It is urged by counsel for the defendant that the verdict and judgment can only be supported by predicating one inference of fact upon another inference of fact, in contravention of the second proposition of the syllabus in **Sobolovitz v Lubric Oil Co., 107 Oh St 204**, which provides:

"An inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence."

This case is cited more than any other pronouncement of the Supreme Court and its literal interpretation has caused courts endless difficulty. The abstract statement in the syllabus quoted is susceptible of such nice shading touching factual proof as to open up a wide field of contention.

Upon the most favorable intendment of the evidence in this case in behalf of the plaintiff it appears that the plaintiff was seen to leave the road and after his car had followed the course set forth in the petition it came to a sudden stop, at rest in a ditch alongside the road; that plaintiff's decedent was dead when found.

The medical testimony is to the effect that the cause of death was trauma, a ruptured heart torn on the inner side upward toward the chest; on the left ventricle a tear approximately 2 c.c. in length at the base of the heart; that there was no spontaneous rupture, that is, a rupture which occurs without any outside trauma and is due entirely to the facts resident in the organ.

The fact is established that plaintiff's decedent when found was sitting behind the wheel which would "reach along in his breast." The conditions under which the car came to a stop are known and it could be said that it came to rest suddenly, which could result in the force which produced the tear in the heart. The ruptured heart near the sternum is established as a fact. If credence is to be given to the medical testimony there can be no doubt that the trauma was a causative factor of the death of plaintiff's decedent, in view of his diseased condition. The jury had the right to so determine.

It was the theory of the defense that plaintiff's decedent was dead when his car left the road, his death resulting from heart disease, which had progressed to a stage where he was subject to an attack which would result in death at any time; that the impact of the automobile could not have been severe enough to have caused any injury such as claimed by the plaintiff. The jury had the right to accept this hypothesis but did not choose to do so. In

that conclusion it was well within its province, because upon this theory there is no accounting for the tear in the heart, which must have resulted from trauma.

We do not find that the verdict and judgment in this case are offensive to the law as laid down in the Sobolovitz case, supra. To so hold would be carrying the rule contended for too far.

It is agreed that Borset died because of a diseased heart. If the testimony of the medical expert is true he died from a torn or ruptured heart, which was caused by trauma. If the jury accepted this theory it was a fact and not an inference drawn from a fact, but if it can be said to be an inference the inference of trauma causing the rupture of the heart and death is but one inference, based upon the physical fact of the torn heart.

Now, from another separate and distinct fact it is established that Borset was under the wheel of his car when it suddenly came to a stop, from which, as an injury to the heart had already been established, an inference may be drawn that he suffered an injury to his heart in the manner aforesaid. This is not a double inference but one inference. The fact that he died from an injury caused by trauma, and the inference that he was injured are considered in relation to each other, but do not grow out of or arise from each other.

A statement from Wigmore on Evidence, Vol. 1, 41 is pertinent:

"It was once suggested that an 'inference upon an inference' will not be permitted, i.e., that a fact desired to be used circumstantially must itself be established by testimonial evidence; that this suggestion has been repeated by a few courts, and sometimes actually enforced. There is no such rule, nor can be. If there were, hardly a single trial could be adequately prosecuted. For example, on a charge of murder. the defendant's gun is found discharged; from this we infer that he discharged it. and from this we infer that it was his bullet which struck and killed the deceased. Or, the defendant is shown to have been sharpening a knife; from this we argue that he had a design to use it upon the deceased; and from this we argue that the fatal stab was the result of this design. In these and innumerable daily instances we build up inference upon inference, and yet no court ever thought of forbidding it. All departments of reasoning, all scientific work, every day's life, and every day's trials, proceed upon such data. The judicial utterances that sanction the fallacious and im-

practicable limitation, originally put forward without authority, must be taken as valid only for the particular evidentiary facts therein ruled upon."

Public Savings Ins. Co. v Greenwald (Ind.) 121 NE 47-49;

Scottish Union & Nat'l. Ins Co. v Linkenhelt & Co. (Ind.) 121 NE 373-374;

Spencer L. H. & P. Co. v Bd. of Commissioners, (Ind.) 123 NE 700-701.

It is also claimed that the court erred in permitting a medical expert to answer a question that contained a hypothesis which was not supported by the evidence, namely, that there was "a jar or coming of the body of plaintiff's decedent in contact with the steering wheel." As before indicated we are of opinion that the supposition to which objection is made was properly before the jury.

It is further claimed that the testimony of Dr. W. H. Rabberman was incompetent. Dr. Rabberman had testified at the original hearing of plaintiff's claim before the Commission. The Doctor having died his testimony was proffered by the claimant on the rehearing and refused and again offered at the trial of the cause and admitted. The exact question has been considered and passed upon in **Industrial Commission of Ohio v Glick,** 49 Oh Ap 415, the Ohio Bar, August 19, 1935, (19 Abs 414), the syllabus of which case is as follows:

"The transcript of the testimony of a witness, since deceased, who testified at the initial hearing before a referee appointed by the Industrial Commission, is admissible at a rehearing before the referee and at a subsequent trial in the Common Pleas Court, in proceedings for workmen's compensation."

We are inclined to support this pronouncement. However, it is not necessary to so determine because counsel for the Commission in their brief say that:

"If his (Dr. Rabberman's) testimony does amount to anything, however, it is in favor of the Industrial Commission, * * *."

In this situation, of course, it could not be asserted that the Commission was prejudiced by the admission of the testimony.

The judgment of the trial court will be affirmed.

BARNES, PJ, and BODEY, J, concur.