ALICIA M. CRACKNELL, Appellant, v. LONG ISLAND LIGHTING COMPANY, Respondent.— In this action brought by plaintiff to procure a mandatory injunction directing the defendant to resume the supply of electricity to plaintiff's residence, which supply defendant discontinued because of non-payment by the plaintiff of a balance for electricity theretofore supplied to her by defendant (Transportation Corporations Law, § 15), judgment dismissing complaint and in favor of the defendant against the plaintiff on defendant's counterclaim, for $276, affirmed, with costs. The record on this appeal consists only of the judgment roll (Civ. Prac. Act, § 575); the trial court found that at the date when the defendant discontinued its service to the plaintiff a balance of $276 was due to the defendant from the plaintiff for current theretofore used by the latter and not paid for by her. How much was actually due for current supplied was a question of fact. ( N. Y. & Q. El. L. & P. Co. v. Long Island M. & M. C. Co., 123 App. Div. 552, 554, citing Sickles v. Manhattan Gas Light Company, 66 How. Pr. 314.) Upon plain principles, the showing of the meter, tested and found correct, was not conclusive upon either party as to the amount of current actually used. (Id.) Carswell, Davis, Johnston and Taylor, JJ., concur; Hagarty, J., dissents with the following memorandum: Defendant has been allowed for " unmetered " electricity for a period of six years, notwithstanding the fact that during that period bills were sent to the plaintiff for metered electricity and it is not claimed that those bills were not paid. There is no finding that there was any wrongdoing on the part of the plaintiff. To the contrary, the court expressly found that there was no wrongdoing, since the meter in plaintiff's house " was recording 100 per cent. the electricity being consumed by the plaintiff."

MAX EASTMAN, Respondent, v. HERMAN AXELBANK, Appellant, and SAMUEL A. MALITZ, Defendant.— Appellant and respondent entered into agreements by the terms of which the respondent was to edit, cut and title a certain motion picture film in the possession and control of appellant. It was provided that the parties should receive an equal share of the net profits until each should have received $2,500 and that thereafter the profits should be divided in the manner prescribed. The plaintiff agreed to advance certain sums of money in furtherance of the enterprise, which sums were to be returned to him out of the profits. Appellant breached the agreements. Plaintiff sued for a dissolution of what he denominates a " joint venture," for the appointment of a receiver, an accounting and a sale. The prime issue was whether or not there was in fact a joint venture, or whether there was merely a contract of employment. Judgment in favor of plaintiff on a bill of exceptions unanimously affirmed, with costs. The three agreements, taken together, show an intent of the parties to enter into a joint adventure integrated in the contract of February 15, 1929, as later amended in certain respects. Present — Young, Carswell, Davis, Adel and Taylor, JJ.