■ In the Matter of BRANDYWINE NURSING HOME, INC., Appellant, v STATE OF NEW YORK DEPARTMENT OF PUBLIC SERVICE et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Klein, J.), entered February 20, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Public Service Commission denying petitioner's request for further administrative proceedings in the form of a formal hearing on its consumer complaint.

Petitioner, a nursing home located in New York City, purchases electricity from respondent Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). Petitioner requested that Con Ed review its billing for four periods during 1980 and 1981. As a result of this review, Con Ed adjusted two of the bills in question but found the remaining bills to be accurate. Petitioner appealed to the Consumer Services Division of the Public Service Commission (hereinafter PSC). A preliminary investigation by the PSC revealed that the bills in question were accurate. An informal hearing before the PSC ensued at which petitioner contended that Con Ed's meter reader inaccurately reset one of petitioner's meters. The PSC determined that this contention was speculative and unsupported by the evidence. After this unfavorable decision, petitioner requested a formal hearing before the PSC. This request was denied. Petitioner then instituted this proceeding pursuant to CPLR article 78 to review the denial by the PSC. Supreme Court dismissed the petition and this appeal followed.

For the reasons stated in *Matter of Associated Blind Hous. Dev. Corp. v State of New York Dept. of Pub. Serv.* (142 AD2d 825 [decided herewith]), we find meritless petitioner's contention that it had a right to a formal hearing and that the failure to provide it resulted in a deprivation of due process. We are also unpersuaded by petitioner's argument that the PSC's determination not to grant a formal hearing was arbitrary. The decision whether to grant a formal hearing is

within the discretion of the PSC and will not be disturbed in the absence of a showing that the decision was arbitrary or irrational *(see,* Public Service Law § 43 [2] [a]; *Matter of Associated Blind Hous. Dev. Corp. v State of New York Dept. of Pub. Serv., supra).* Petitioner's theory was that the meter reader had problems resetting the demand register and thus caused it to record a higher demand than actually occurred. The Hearing Officer found petitioner's argument speculative. He noted that if the meter was malfunctioning, inconsistent readings would be expected to continue to appear. Yet, there was no evidence of this. Further, petitioner had failed to request that the meter be tested, even after the PSC informed petitioner that it could make such a request. The evidence presented was adequately reviewed at the informal hearing and a cogent decision rendered. The determination that a formal hearing was not necessary was rational.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.