■ In the Matter of ASSOCIATED BLIND HOUSING DEVELOPMENT CORPORATION, Appellant, v STATE OF NEW YORK DEPARTMENT OF PUBLIC SERVICE et al., Respondents. (And Three Other Related Proceedings.)—Harvey, J. Appeals from four judgments of the Supreme Court (Conway, J.), entered May 11, 1987 in Albany County, which dismissed petitioners' applications, in proceedings pursuant to CPLR article 78, to review determinations of the Public Service Commission denying petitioners' requests for formal hearings on their allegations of overbilling and/or incorrect billing by respondent Consolidated Edison Company of New York, Inc.

Petitioner J.H.M.C.B. Center for Nursing (hereinafter JHMCB) operates a nursing home in New York City. JHMCB

alleges that during April and May 1983, respondent Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) erroneously billed it for electricity consumption and exacerbated this error by replacing JHMCB's electricity meter during this time period. JHMCB filed a complaint with Con Ed, requesting a review of the billing period in question. After reviewing the billing procedure used, Con Ed informed JHMCB that, while the May 1983 bill may have been too high, this was corrected by a lower charge during the next billing period and, over-all, the billing procedure rendered a correct result. JHMCB appealed to the Public Service Commission (hereinafter PSC), which found that Con Ed's determination was correct. An informal hearing was requested and, following consideration of JHMCB's evidence, a PSC Hearing Officer concluded that there was nothing to support the complaint of overbilling. JHMCB's request for a formal hearing before the PSC was denied. JHMCB petitioned Supreme Court, in a proceeding pursuant to CPLR article 78, to review the determination of the PSC which denied the request for a formal hearing. Supreme Court confirmed the determination of the PSC and dismissed the petition.

Petitioner Colony House Associates (hereinafter Colony House) also felt that its New York City facility was being overbilled by Con Ed for electricity during several billing periods between May 1980 and July 1984. After reviewing the billing periods in question, Con Ed decided that the billing had been correct. Colony House then appealed to the PSC to review the billing controversy. Following an informal hearing, the PSC determined that one of the bills should be lowered since it was inconsistent with Colony House's prior demand. The remaining bills were found to be consistent, no evidence was found of alleged meter creeping and tests on the meters found them to be accurate. Thus, the remaining bills were sustained. A request by Colony House for a formal hearing was denied by the PSC. Colony House commenced one of the instant proceedings to review the denial by the PSC. The petition was dismissed by Supreme Court.

Petitioner Associated Blind Housing Development Corporation (hereinafter Associated Blind) purchased gas from Con Ed and maintained that it had been billed at an inaccurate rate from the inception of its service from Con Ed. Associated Blind was billed at the residential SC 3 rate and contended that it should have been billed at the lower SC 2 rate because over 25% of its space was allegedly used for nonresidential purposes. Associated Blind argued that its basement, stair-

wells, hallways, elevator shafts and other common areas should be included as nonresidential space in its building. Con Ed refused to accept this argument and, following an informal hearing before a PSC Hearing Officer, the Hearing Officer concluded that the nonresidential space exception was meant to apply to portions of a building used as a store, business office, or any other commercial or industrial activity. Associated Blind's request for a formal hearing was denied. The subsequent petition pursuant to CPLR article 78 was dismissed.

Petitioner Laconia Nursing Home (hereinafter Laconia), also a Con Ed consumer in New York City, alleged that it had been erroneously charged for electricity. Con Ed reviewed the billing periods in question and found no error. After appeal to the PSC, an informal hearing was held and the PSC found the billing correct. The PSC denied Laconia's request for a formal hearing. Laconia initiated a CPLR article 78 proceeding challenging the denial. The petition was dismissed.

Initially, petitioners argue that Supreme Court improperly consolidated their proceedings, *sua sponte*, violating the provisions of CPLR 602 (a). We cannot agree. Consolidation is the merging of various actions into one action, which takes on one caption and culminates in one judgment *(see, Rosado v Valvo,* 58 Misc 2d 944, 946; Siegel, NY Prac § 127, at 156). Here, Supreme Court merely discussed all four proceedings in a single opinion. However, four separate judgments were issued disposing of each proceeding separately. Hence, it is clear that Supreme Court did not replace the individual proceedings with a consolidated proceeding.

Petitioners assert that it was error for the PSC to deny their requests for formal hearings. The decision whether to grant a formal hearing is within the discretion of the PSC (Public Service Law § 43 [2] [a]; 16 NYCRR 12.14 [b]). The PSC's discretion is broad; it may order a formal hearing whenever there is "a factual or legal dispute" (16 NYCRR 12.14 [b]). However, 16 NYCRR 12.13 (b) states that, as a matter of policy, the PSC considers granting formal hearings only if the informal Hearing Officer made an error in fact or law or failed to consider relevant evidence, or if new evidence becomes available *(see,* 16 NYCRR 12.13 [b]). Unless the PSC's decision in this regard is arbitrary or irrational, it will not be disturbed by the courts *(see, Matter of Campo Corp. v Feinberg,* 279 App Div 302, *affd* 303 NY 995).

Here, in each case, the PSC thoroughly considered the evidence presented and reasonably resolved all contested mat-

ters. For example, regarding JHMCB's complaint, the PSC found that the meter readings as measured overall by Con Ed were attributable to JHMCB's additional use of electricity during unseasonably warm weather. JHMCB's suspicion re- regarding the meter exchange is undercut by the information on the meter inspection ticket. In the Laconia hearing, the PSC found that the bills in question were consistent with Laconia's patterns of usage. The PSC properly found that Laconia's assertions of misreadings of the meter had no factual basis. In the Colony House proceeding, the PSC did, in fact, make an adjustment to one of the bills in question, yet determined that the remaining bills were correct. This determination was supported by the evidence, as the PSC considered the billing history of Colony House. The billing of Associated Blind turned on whether 25% of the premises in question was nonresidential in nature. The PSC decided that the elevator shafts, corridors and other common areas were residential, thus rendering the total nonresidential space less than 25%. This interpretation was rational and should be sustained *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). We conclude that the PSC's determinations that formal hearings were not necessary, made after full review of the records and the informal Hearing Officers' decisions, were rational in each case.

Petitioners' contention that their due process rights were violated is meritless. The informal hearings afforded to petitioners along with the accompanying administrative and judicial review clearly provided petitioners with sufficient procedural protection to meet the minimum due process requirements *(see, Memphis Light, Gas & Water Div. v Craft,* 436 US 1, 16-18).

Judgments affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.