■ In the Matter of RICHARD CURTIS, Appellant, v PUBLIC SERVICE COMMISSION et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered October 16, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Service Commission sustaining certain utility charges imposed by respondent Consolidated Edison Company of New York, Inc.

This case involves a billing dispute over electrical service provided by respondent Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) to petitioner's bar and restaurant in Queens County. The electrical service was activated on May 25, 1984. On September 10, 1984, petitioner complained to respondent Public Service Commission (hereinafter the PSC) that his service bills were too high since the business had yet to open. Petitioner's business opened in December 1984, and he eventually induced the PSC to schedule a meter test for May 23, 1985. It is acknowledged, however, that Con Ed replaced the meter on May 17, 1985, ostensibly due to a cracked meter glass. When Con Ed failed to produce the original meter for testing, the PSC directed Con Ed to reduce petitioner's bill by 5% from the date service was established.

Finding this resolution inadequate, petitioner requested and received an informal hearing on October 1, 1985. At this hearing, petitioner disputed the accuracy of the original meter and, for the first time, claimed that he had directed Con Ed to close his account on May 27, 1984. The Hearing Officer rejected this latter assertion, noting that the return receipt for the purported termination notice was dated May 27, 1985 and that Con Ed had no record of any termination request. The Hearing Officer further determined the level of usage recorded by the old meter while the bar was in operation compared favorably with the levels recorded by the new meter, which had been tested and proven accurate. As such, the Hearing Officer concluded that the old meter was not overregistering and sustained the billings. Petitioner's ensuing request for a formal hearing before the PSC was denied. He thereafter initiated this proceeding pursuant to CPLR article 78 to review the PSC's determination. Supreme Court dismissed the petition and this appeal followed.

We affirm. The question of whether petitioner actually requested Con Ed to terminate his electrical service in May

1984 presented a matter of credibility for the PSC to evaluate. The date discrepancy in the return receipt and petitioner's course of conduct in initially disputing only the amount of the bills received provided ample basis for the PSC to reject his testimony. The "cancelled" notations on Con Ed's billing statements do not compel a contrary conclusion. In his supporting affidavit, Thomas Love, Con Ed's assistant secretary and chief collector, explained that the notations referred to the cancellation of an estimated reading after an actual meter reading, not the cancellation of service.

The amount actually due for electricity supplied was also a question of fact for the PSC to resolve (see, Cracknell v Long Is. Light. Co., 246 App Div 842). A comparison of the old and new meter readings provided adequate support for the PSC's assessment that the old meter was not overcharging petitioner (see, Matter of Associated Blind Hous. Dev. Corp. v State of New York Dept. of Pub. Serv., 142 AD2d 825, 827-828). While it is evident that Con Ed's removal of the old meter precluded a determinative resolution of its accuracy, Con Ed presented evidence that the meter was removed for a viable reason, i.e., a broken glass cover. The PSC's assessment of a 5% penalty against Con Ed was a rational, corrective response under the circumstances presented. Finally, given the comprehensive and reasoned review of petitioner's objections at the informal hearing, the PSC rationally concluded that a formal hearing was not necessary (see, Matter of Associated Blind Hous. Dev. Corp. v State of New York Dept. of Pub. Serv., supra; Matter of Brandywine Nursing Home v State of New York Dept. of Pub. Serv., 142 AD2d 804).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.