■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD PITTI, Appellant. [692 NYS2d 166] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered March 1, 1995, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a former Police Officer, was convicted of assault in the second degree based on an incident that occurred on February 23, 1992, at about 5:00 A.M., near the Church Avenue subway station in Brooklyn. At the trial, the alleged victim, Victor Medina, and his friends testified that the defendant assaulted Medina with his fists, police radio, and nightstick when Medina told him to "mind his * * * business" in re-

sponse to an inquiry as to what they were doing on the street at that hour. An ambulance took Medina to the hospital, where he received four stitches on his forehead and eight stitches on his left ear. Three days after the alleged attack, Medina's lung collapsed.

Contrary to the defendant's contention, the trial court properly ruled that Medina's alleged statement to an Emergency Services medical technician about smoking marihuana before his lung collapsed was inadmissible hearsay. It is well settled that an entry in a hospital record comes within the business records exception to the hearsay rule only if it is relevant to the patient's medical diagnosis or treatment (*see,* CPLR 4518; *Passino v DeRosa,* 199 AD2d 1017). Here, a medical expert testified that the treatment for a collapsed lung would be same whether it was caused by a traumatic injury, a genetic condition, or smoking.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention regarding prosecutorial misconduct is without merit. Ritter, J. P., Santucci, Luciano and H. Miller, JJ., concur.