■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL D. CHASE, Appellant. [695 NYS2d 792] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of rape in the first degree (Penal Law § 130.35 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]). The conviction arises from an incident on April 24, 1996 when defendant engaged in sexual intercourse with his girlfriend's eight-year-old daughter. A previous trial on the same charges had resulted in a mistrial.

Defendant contends that he was denied his constitutional right to a public trial (*see,* US Const 6th Amend) when County Court, *sua sponte,* closed the courtroom during the testimony of the infant complainant. Because defendant failed to object to closure of the courtroom, he failed to preserve his contention for our review (*see, People v Williams,* 178 AD2d 958, *lv denied* 79 NY2d 954). In any event, the court's limited closure of the courtroom during the testimony of the infant complainant did not constitute a denial of defendant's constitutional right to a public trial. The court, having presided over defendant's previous trial, knew of the embarrassing nature of complainant's testimony, and "the court's efforts to prevent disruption in the courtroom during complainant's sensitive testimony provides no basis upon which to upset defendant's conviction" (*People v Glover,* 60 NY2d 783, 785, *cert denied* 466 US 975). Furthermore, this is not a "closed courtroom" case. The court merely ordered limited closure to prevent those people in the courtroom from leaving during the infant complainant's testimony and to prevent others from entering during that testimony (*see, People v Bunker,* 259 AD2d 757).

Defendant further contends that the Trial Judge was not fair

and impartial and that the Judge's conduct denied him a fair trial. Defendant failed to object to most of the alleged instances of improper conduct and thus failed to preserve those instances for our review (*see,* CPL 470.05 [2]; *People v Charleston,* 56 NY2d 886, 887). In any event, they are lacking in merit. We have reviewed those alleged instances that are preserved for our review and conclude that they also are lacking in merit. The court properly admonished defense counsel for using off-color slang during his opening statement (*see, People v De Jesus,* 42 NY2d 519, 523). When defense counsel objected to leading questions by the prosecutor, the court ruled on the objections and directed defense counsel to "sit down". That directive did not demonstrate bias, but rather, was part of the court's function "to enforce propriety, orderliness, decorum and expedition in trial" (*People v De Jesus, supra,* at 523).

Defendant also contends that he was denied the opportunity to cross-examine the infant complainant effectively because the court did not permit him to impeach her with videotaped testimony that was presented to the Grand Jury. Defense counsel indicated before the trial commenced that he wished to use the videotape to cross-examine the infant complainant, and the court reserved decision and gave defense counsel an opportunity to submit case law on the issue. Defense counsel never made any further request to use the videotape during his cross-examination of the infant complainant, nor did he attempt to use the transcript of that testimony, which had been provided to him. The failure of the court to rule on defense counsel's request to use the videotape is deemed a denial (*see, Brown v U.S. Vanadium Corp.,* 198 AD2d 863, 864). Such denial was not an abuse of discretion (*see, Feldsberg v Nitschke,* 49 NY2d 636, 643, *rearg denied* 50 NY2d 1059).

Defendant further contends that the expert testimony of the social worker concerning child sexual abuse syndrome was impermissibly received at trial for the sole purpose of bolstering the testimony of the infant complainant. Defendant failed to object to the social worker's testimony on that ground and thus failed to preserve his contention for our review (*see, People v Love,* 57 NY2d 1023, 1025; *People v Chambers,* 191 AD2d 1031, *lv denied* 81 NY2d 1012). In any event, that contention is without merit (*see, People v Donk,* 259 AD2d 1018, *lv denied* 93 NY2d 924).

We agree with defendant that several of the prosecutor's remarks on summation were improper because they denigrated the defense, were inflammatory, improperly referred to God and religion, improperly commented on defendant's request to

consult with an attorney, and vouched for the credibility of the People's witnesses. The court sustained defense counsel's objections and gave curative instructions to the jury on several occasions (*see, People v Galloway,* 54 NY2d 396, 399-400). "Although we do not condone the prosecutor's statements, 'we find that the Judge's firm control over the trial obviated any prejudice to defendant that might have resulted from the Prosecutor's misconduct'" (*People v Hess,* 234 AD2d 925, *lv denied* 90 NY2d 1011, quoting *People v Christopher,* 170 AD2d 1020, 1021, *lv denied* 78 NY2d 921). We conclude that the prosecutor did not engage in a pervasive pattern of misconduct sufficient to deny defendant due process of law (*see, People v Ellis,* 188 AD2d 1043, 1044, *lv denied* 81 NY2d 970; *People v Rubin,* 101 AD2d 71, 77, *lv denied* 63 NY2d 711).

In our view, the court properly considered the traumatic impact of the rape and its concomitant violation of trust upon the infant complainant in sentencing defendant to a lengthy term of incarceration. In the circumstances of this case, there is no basis for any modification of the sentence as a matter of discretion in the interest of justice. (Appeal from Judgment of Erie County Court, DiTullio, J.—Rape, 1st Degree.) Present— Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.