■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCANDER N. ASTAFAN, Appellant. [725 NYS2d 484] —Judgment unanimously reversed on the law and new trial granted on counts one and two of the indictment. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of grand larceny in the third degree (Penal Law § 155.35) and falsifying business records in the first degree (Penal Law § 175.10). The conviction results from the application by defendant for family health insurance coverage from his employer although he was not married to his live-in girlfriend and had not adopted her granddaughter, of whom she had legal custody. We conclude that the conviction is supported by legally sufficient evidence and that the verdict is not against the weight of the evidence (*see generally, People v Bleakley,* 69 NY2d 490, 495).

We further conclude, however, that the conviction must be reversed and a new trial granted on counts one and two of the indictment based on County Court's failure to conduct a *Gomberg* inquiry (*see, People v Gomberg,* 38 NY2d 307). During trial it was revealed that defense counsel had entered into an agreement with the prosecutor whereby defense counsel would stipulate to the admission of evidence of uncharged crimes in exchange for the prosecutor's agreement not to indict defendant or his girlfriend with respect to those crimes. Defendant's girlfriend then testified against defendant at trial. At sentencing, defendant stated that he had no prior knowledge that defense counsel had entered into that agreement with the prosecutor. The court erred in failing to conduct a *Gomberg* inquiry when the agreement was revealed at trial. Because defense counsel was also acting on behalf of defendant's girlfriend, who received a benefit from the agreement in exchange for her testimony against defendant, the court was required to conduct a *Gomberg* inquiry to ascertain that the facts had been disclosed to defendant and that he had made a reasoned decision whether to proceed to trial with his attorney (*see, People v Mattison,* 67 NY2d 462, 468-469, *cert denied* 479 US 984). By establishing that defense counsel stipulated to the admission of damaging evidence of defendant's uncharged crimes similar to those charged herein, defendant met his burden of demonstrating that the conflict bore "a substantial relation to the conduct of the defense" (*People v Ortiz,* 76 NY2d 652, 657).

We further note that the prosecutor engaged in misconduct

at trial that cannot be countenanced. During cross-examination of defendant, the prosecutor inquired of defendant whether he took his girlfriend's granddaughter to church, elicited from defendant his religious affiliation, including what parish he attended, and inquired whether the tenets of defendant's faith would require defendant to honor the prohibition in the Ten Commandments against lying. Although not the subject of a timely objection by defense counsel, that line of inquiry was completely improper (*see generally, People v Wood,* 66 NY2d 374).

In light of our determination to reverse, it is unnecessary to reach defendant's remaining contentions. (Appeal from Judgment of Herkimer County Court, Kirk, J.—Grand Larceny, 3rd Degree.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Lawton, JJ.