THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNIFER L. WHITE, Appellant. [737 NYS2d 181] —Appeal from a judgment of Niagara County Court (Hannigan, J.), entered December 31, 1998, convicting defendant after a jury trial of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the sentence to a term of imprisonment of 8⅓ to 25 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of manslaughter in the first degree (Penal Law § 125.20 [4]) arising from the death of an infant for whom she was babysitting. Defendant contends that the conviction is not supported by legally sufficient evidence because the evidence at trial did not exclude to a moral certainty every hypothesis of innocence. She contends that it was just as logical and consistent for the jury to conclude that the infant sustained injuries before she was in defendant's care and that those injuries later proved fatal. That contention is not preserved for our review (*see, People v Gray,* 86 NY2d 10, 19) and in any event is without merit. The moral certainty standard is "available only to a trier of fact * * *. A court reviewing legal sufficiency of the trial evidence must instead determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Williams,* 84 NY2d 925, 926). The evidence here is legally sufficient to support the conviction (*see, People v Mirayes,* 284 AD2d 348, *lv denied* 96 NY2d 922).

Defendant further contends that reversal is required because of prosecutorial misconduct during summation. We disagree. Several of defendant's objections were sustained and County Court issued curative instructions. Defendant did not request further curative instructions or move for a mistrial with respect to those objections and thus the court "must be deemed

to have corrected the error[s] to the defendant's satisfaction" (*People v Williams*, 46 NY2d 1070, 1071; *see, People v Church*, 244 AD2d 953; *People v Balkum*, 233 AD2d 929, 930, *lv denied* 89 NY2d 939). With respect to the remaining instances of alleged misconduct, we agree with defendant that, in two of those instances, the prosecutor improperly vouched for the credibility of one of the witnesses and denigrated the defense (*see, People v Chase*, 265 AD2d 844, 845-846, *lv denied* 94 NY2d 902). Although such misconduct is not to be condoned, we nevertheless conclude that it was not so egregious as to deny defendant a fair trial (*see, People v Burroughs*, 280 AD2d 965, *lv denied* 96 NY2d 798). The remaining instances of alleged misconduct were fair comment on the evidence (*see, People v Castro*, 281 AD2d 935, 936, *lv denied* 96 NY2d 860; *People v Erwin*, 236 AD2d 787, *lv denied* 89 NY2d 1011). Finally, we agree with defendant·that the sentence of 12½ to 25 years is illegal (*see,* Penal Law § 70.02 [former (3) (a); (4)]). We therefore modify the judgment by reducing the sentence to a term of imprisonment of 8⅓ to 25 years. The sentence as modified is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.