■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASQUALE BENEDETTO, Appellant. [744 NYS2d 92] —Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered May 31, 2001, convicting defendant after a jury trial of, inter alia, sodomy in the first degree (seven counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of multiple counts of sodomy in the first degree (Penal Law former § 130.50 [1]), sodomy in the second degree (former § 130.45), sodomy in the third degree (§ 130.40 [former (2)]), sexual misconduct (§ 130.20 [former (2)]), and incest (§ 255.25). Defendant contends that County Court erred in admitting in evidence the notes of the victim's postincident sexual abuse counseling sessions. We agree. The counselor's notes do not qualify for certification under CPLR 2306, and the counselor's purported certification of them thus does not satisfy the requirements of that statute. No attempt was made to satisfy the certification requirements of CPLR 4518 (c). Moreover, no testimony was presented in an attempt to establish the requisite foundation for admission of the notes as business records (*see* 4518 [a]; *People v Cratsley,* 86 NY2d 81, 89-91; *People v Guidice,* 83 NY2d 630, 635; *People v Kennedy,* 68 NY2d 569, 579-580; *see generally* Prince, Richardson on Evidence § 8-306 [Farrell 11th ed]).

Even if the counselor's notes had been properly certified and a proper foundation had been laid for their admission as business records, they nevertheless contain inadmissible hearsay declarations that bolstered the victim's testimony. The notes are replete with statements of the victim accusing defendant of physically and sexually abusing him and describing defendant's

acts, manipulations, and ostensible motives in detail. Such statements of the victim extend far beyond the basic disclosures necessary or germane to diagnosis and treatment (*see Williams v Alexander,* 309 NY 283, 287; *People v Thomas,* 288 AD2d 405, 406, *lv denied* 97 NY2d 709; *Quispe v Lemle & Wolff,* 266 AD2d 95, 96; *People v Brown [Burcham],* 262 AD2d 328, *lv denied* 94 NY2d 820; *People v Pitti,* 262 AD2d 503, 504, *lv denied* 94 NY2d 865). The history recitals contained in the notes thus bolstered the victim's testimony (*see People v Vredenburg,* 200 AD2d 797, 798, *lv denied* 83 NY2d 859; *People v Harrison,* 176 AD2d 1199, 1199-1200, *lv denied* 79 NY2d 827). Given the prejudicial nature of the out-of-court declarations of the victim, and also given that the victim's testimony is essentially the only evidence establishing defendant's sexual abuse of the victim, we conclude that the error in admitting the counselor's notes in evidence is not harmless under the circumstances of this case (*see People v Becraft,* 177 AD2d 945, *lv denied* 79 NY2d 853; *People v Jackson,* 124 AD2d 975, 976, *lv denied* 69 NY2d 746).

In addition, we agree with defendant that the prosecutor engaged in misconduct that deprived defendant of a fair trial. It was improper for the prosecutor to elicit testimony concerning, and subsequently to comment upon, the religious affiliation of the witnesses, either to bolster or to impeach their credibility (*see People v Wood,* 66 NY2d 374, 378-381; *People v Dat Pham,* 283 AD2d 952, *lv denied* 96 NY2d 900; *People v Chase,* 265 AD2d 844, 845-846, *lv denied* 94 NY2d 902; *People v Pellegrino,* 221 AD2d 275, 275-276; *People v Mercado,* 188 AD2d 941, 944). The error was compounded when the prosecutor elicited evidence of defendant's apparent lack of religious affiliation and attempted to contrast that with the religious faith and practice of the victim and his mother (*see People v Astafan,* 283 AD2d 907, 907-908). The inappropriate tactics were not isolated, but rather pervaded the trial (*cf. Chase,* 265 AD2d at 846).

The prosecutor also improperly referred to the defense as a diversion, thus improperly denigrating or disparaging the defense (*see People v White,* 291 AD2d 842; *Chase,* 265 AD2d at 845-846; *People v Fiori,* 262 AD2d 1081). The prosecutor further improperly characterized both his own efforts and the case as a whole as a "search for the truth" and "for justice" (*People v Rivera,* 116 AD2d 371, 375-376). Moreover, the prosecutor improperly referred at several junctures to defendant's failure to cross-examine the victim concerning the details of the alleged incidents and to present witnesses to rebut the

allegations. Such attempts to shift the burden of proof onto a defendant must be condemned (*see People v Dombrowski,* 163 AD2d 873, 875; *People v Gomez,* 156 AD2d 462, 463-464, *lv dismissed* 75 NY2d 813; *People v Grice,* 100 AD2d 419, 422).

We have reviewed defendant's remaining contentions, including the challenge to the legal sufficiency of the evidence of forcible compulsion, and conclude that those contentions are without merit. Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Kehoe, JJ.