# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**315**

**KA 13-01086**

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ROBERT JACKSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN B. HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Joseph E. Fahey, J.), entered March 12, 2013. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Onondaga County Court for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals from an order denying, without a hearing, his CPL 440.10 motion to vacate a 2009 judgment convicting him following a jury trial of, inter alia, criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]). In support of his motion, defendant contended that he was deprived of effective assistance of counsel because defense counsel and the attorney for a codefendant who testified against defendant at trial were members of the same law firm. We conclude that County Court erred in denying defendant's motion without a hearing.

"Absent inquiry by the court and consent by the defendant, an attorney may not represent a criminal defendant in a trial at which a star prosecution witness is a codefendant whose plea bargain—including the promise to testify against defendant—was negotiated by a partner in the same firm. In these circumstances defendant is denied his right to effective assistance of counsel" (*People v Mattison*, 67 NY2d 462, 465, *cert denied* 479 US 984). Thus, a defendant is denied effective assistance of counsel where a member of defense counsel's law firm represents a witness who testifies against defendant at trial unless the court conducts a "*Gomberg* inquiry to ascertain that the

facts had been disclosed to defendant and that he [or she] had made a reasoned decision whether to proceed to trial with his [or her] attorney" (*People v Astafan*, 283 AD2d 907, 907; *see People v Ortiz*, 76 NY2d 652, 656; *see generally People v Gomberg*, 38 NY2d 307, 313-314).

Here, in support of his motion, defendant submitted an affidavit from the testifying codefendant, who averred that he and defendant met with defense counsel before the trial in an office that defense counsel shared with the codefendant's attorney, that the two attorneys were members of the same law firm, and that defendant's attorney discussed the codefendant's impending testimony with the express understanding that he would not ask the codefendant any questions at trial that would jeopardize the codefendant's plea agreement. The codefendant thereafter provided testimony that incriminated defendant. We therefore conclude that defendant submitted sufficient evidence on his motion to require a hearing on the issue whether a codefendant testified at trial against defendant after that codefendant's "plea bargain—including the promise to testify against defendant—was negotiated by a partner in the same firm" as defendant's trial attorney (*Mattison*, 67 NY2d at 465).

Contrary to the contention of the People, defendant's failure to submit an affidavit from either of the two attorneys is not fatal to the motion. "[D]efendant's application is adverse and hostile to his trial attorney[ and to the other purported member of that attorney's law firm]. To require the defendant to secure an affidavit, or explain his failure to do so, [would be] wasteful and unnecessary" (*People v Radcliffe*, 298 AD2d 533, 534; *see generally People v Campbell*, 81 AD3d 1251, 1251).

Furthermore, we reject the People's contention that defendant failed to establish prejudice arising from the simultaneous representation. The Court of Appeals has noted that, "[i]n the context of joint representation of codefendants, once the presence of an actual conflict situation is established, prejudice is presumed, for courts will not enter into nice calculations as to the amount of prejudice resulting from the conflict" (*People v Harris*, 99 NY2d 202, 210 [internal quotation marks omitted]; *see Mattison*, 67 NY2d at 468). At trial, the codefendant testified and unquestionably incriminated defendant in the crimes of which he was convicted. Furthermore, in support of his motion, defendant submitted evidence tending to establish that an actual conflict existed because his attorney and the codefendant's attorney were members of the same law firm. "Such nonrecord facts are material and if established could entitle defendant to the relief sought. Under these circumstances, [the court] erred in denying the motion without a hearing" (*People v Ferreras*, 70 NY2d 630, 631).

We have not considered defendant's remaining contention, which involves matters outside the record.

Entered:  April 29, 2016                              Frances E. Cafarell
                                                      Clerk of the Court