People v Davilmar (2022 NY Slip Op 04975)

People v Davilmar

2022 NY Slip Op 04975

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2018-05468
 (Ind. No. 4334/16)

[*1]The People of the State of New York, respondent,
v
Jean M. Davilmar, also known as Jean Myrtho Davilmar, appellant.

Patricia Pazner, New York, NY (Melissa S. Horlick of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Priscilla Steward and Michelle Maerov of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered March 13, 2018, convicting him of larceny in the third degree (2 counts), scheme to defraud in the first degree, insurance fraud in the third degree (17 counts), criminal possession of a forged instrument in the second degree (5 counts), and offering a false instrument for filing in the first degree (4 counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of insurance fraud in the third degree under count 57 of the indictment and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
As the People concede, the defendant's conviction of insurance fraud in the third degree under count 57 of the indictment should be vacated and that count of the indictment dismissed in the exercise of our interest of justice jurisdiction.
The defendant waived his claim that one count of insurance fraud in the third degree with respect to a certain insurance policy issued by GMAC Insurance, of which he was convicted,
was barred by the statute of limitations by not making a timely, written motion to dismiss on that ground (see People v Ellis, 198 AD3d 674, 674-675).
The defendant only partially preserved for appellate review his challenge to the legal sufficiency of the evidence supporting his convictions of grand larceny in the third degree (2 counts), insurance fraud in the third degree (16 counts), and scheme to defraud in the first degree (see CPL 470.05[2]; People v Heron, 180 AD2d 750, 751). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the third degree beyond a reasonable doubt (Penal Law §§ 155.05[1], [2][a], [b]; 155.35[1]; see generally People v Astafan, 283 AD2d 907). Likewise, the evidence was legally sufficient to establish the defendant's guilt of insurance fraud in the third degree beyond a reasonable doubt (Penal Law § 176.20; see generally People v Ferone, 136 AD2d 282). Moreover, the evidence was legally sufficient to establish the defendant's guilt of scheme to defraud in the first degree (Penal Law § 190.65[1][b]). Further, in fulfilling our [*2]responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we are satisfied that the verdict of guilt on each of those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court