Rudenco v Abboud (2023 NY Slip Op 04676)

Rudenco v Abboud

2023 NY Slip Op 04676

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-06550
 (Index No. 522388/17)

[*1]Olesea Rudenco, respondent,
v
Aiman Michael Abboud, etc., appellant, et al., defendant.

Amabile & Erman, P.C., Staten Island, NY (Adriana M. Solimeo of counsel), for appellant.
Mark M. Basichas & Associates, P.C., New York, NY (Aleksey Feygin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Aiman Michael Abboud appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated August 11, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this medical malpractice action against, among others, her obstetrician/gynecologist, Aiman Michael Abboud (hereinafter the defendant) to recover damages arising from the plaintiff's delivery of a stillborn fetus in May 2016. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated August 11, 2020, the Supreme Court denied the defendant's motion. The defendant appeals.
"To prevail on a motion for summary judgment in a medical malpractice action, a defendant 'must make a prima facie showing either that there was no departure from good and accepted medical practice, or that any departure was not a proximate cause of the patient's injuries'" (Gray v Patel, 171 AD3d 1141, 1143, quoting Kelly v Rosca, 164 AD3d 888, 891). "Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact with respect to the issues on which the defendant met the prima facie burden" (Kelly v Rosca, 164 AD3d at 891; see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Here, the defendant made a prima facie showing of his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him through the affirmation of his expert, who opined, with a reasonable degree of medical certainty, that the defendant did not depart from the accepted standard of care and that any departures were not the proximate cause of the plaintiff's injuries (see Messeroux v Maimonides Med. Ctr., 181 AD3d 583, 585).
In opposition, however, the plaintiff submitted the affirmation of an expert that raised triable issues of fact as to whether the defendant departed from the accepted standard of care by failing to take appropriate steps to treat the plaintiff's hypothyroidism and anemia, by failing to perform additional ultrasounds in response to lab results and complaints, and by failing to induce labor when the plaintiff presented with complaints of discomfort. The plaintiff's expert also opined that had the defendant referred the plaintiff for an induction of labor at either of the two appointments preceding the stillbirth, the fetal demise would have been avoided. Contrary to the defendant's contentions, the opinions of the plaintiff's expert were not speculative or conclusory (see Shirley v Falkovsky, 207 AD3d 679, 681).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court