Elbagdadi v Silverman (2025 NY Slip Op 02189)

Elbagdadi v Silverman

2025 NY Slip Op 02189

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2020-07854
 (Index No. 509239/14)

[*1]Helen Elbagdadi, appellant, 
v
Matthew Silverman, etc., et al., respondents.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.
Yoeli Gottlieb & Etra LLP, New York, NY (Angela Delfino-Vitali of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen Spodek, J.), dated October 8, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against the defendants, Matthew Silverman, Shira R. Alter, Ruoqing Huang, Boro Park Obstetrics and Gynecology, P.C., and Maimonides Medical Center. The defendants treated the plaintiff by performing a cesarean section and a subsequent dilation and curettage (hereinafter D & C) procedure. The plaintiff alleged, among other things, that the defendants departed from accepted standards of medical practice when removing her placenta, in failing to diagnose the remaining placenta in her uterus, in puncturing her uterus during the D & C procedure, and in failing to diagnose the puncture. The defendants moved for summary judgment dismissing the complaint. In an order dated October 8, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"The elements of a medical malpractice cause of action are a deviation or departure 'from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (DiLorenzo v Zaso, 148 AD3d 1111, 1112, quoting Stukas v Streiter, 83 AD3d 18, 23). On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendants "must make a prima facie showing either that there was no departure from good and accepted medical practice, or that any departure was not a proximate cause of the [plaintiff's] injuries" (Rudenco v Abboud, 219 AD3d 1452, 1452 [internal quotation marks omitted]; see Starre v Dean, 229 AD3d 728, 730; Hackett v Bybordi, 212 AD3d 598, 599). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Anonymous v Gleason, 175 AD3d 614, 617 [internal quotation marks omitted]).
"Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, as such conflicting opinions raise credibility questions that must be resolved by a factfinder" (Starre v Dean, 229 AD3d at 730; see Hall v Bolognese, 210 AD3d 958, 963). However, "expert opinions that are conclusory, speculative, or [*2]unsupported by the record are insufficient to raise triable issues of fact" (Elstein v Hammer, 192 AD3d 1075, 1077 [internal quotation marks omitted]). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (id. [internal quotation marks omitted]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting, inter alia, affirmations of their medical experts, transcripts of the deposition testimony of Alter, Silverman, and Huang, and the plaintiff's medical records. The evidence demonstrated, among other things, that the cesarean section and subsequent pathology review were performed in accordance with accepted medical practice, that the plaintiff did not make any complaints during her two postpartum visits, that the plaintiff was informed of the potential risks involved with the D & C procedure, that a uterine perforation is a known and accepted risk of the procedure, and that the perforation was diagnosed and treated hours after the procedure was completed. Thus, the defendants established, prima facie, that they did not depart from the accepted standard of care (see Rudenco v Abboud, 219 AD3d at 1452).
In opposition, the plaintiff submitted an affirmation from her medical expert that was "conclusory, speculative, or unsupported by the record" (Elstein v Hammer, 192 AD3d at 1077 [internal quotation marks omitted]). Further, the plaintiff's expert improperly relied on a hearsay statement to which the plaintiff testified during her deposition and improperly challenged the opinion of one of the defendants' experts (see Wagman v Bradshaw, 292 AD2d 84, 85; People v Pitti, 262 AD2d 503, 504). Therefore, the plaintiff failed to raise a triable issue of fact (see Wagman v Bradshaw, 292 AD2d at 85).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court