People v Rasul (2025 NY Slip Op 05722)

People v Rasul

2025 NY Slip Op 05722

Decided on October 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 16, 2025

CR-24-1486
[*1]The People of the State of New York, Respondent,
v
Faqir Rasul, Appellant.

Calendar Date:September 5, 2025

Before:Pritzker, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Caroline McCaffrey of counsel), for respondent.

Fisher, J.
Appeal, by permission, from an order of the County Court of Albany County (William Little, J.), entered January 18, 2024, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of criminal sale of a controlled substance in the second degree and criminal possession of a weapon in the second degree, without a hearing.
In September 2017, defendant was charged in an 11-count indictment with various crimes stemming from the execution of a no-knock search warrant at a residence in the City of Albany, where police found defendant and his codefendant in possession of various narcotics, firearms and other materials associated with the sale of controlled substances.[FN1] A subsequent search warrant yielded additional evidence. Thereafter, in satisfaction of the charges against him, defendant pleaded guilty to one count of criminal sale of a controlled substance in the second degree and one count of criminal possession of a weapon in the second degree. Defendant was sentenced, as a second felony offender, pursuant to the plea agreement to a total prison term of 12 years, to be followed by five years of postrelease supervision. The codefendant was not indicted, waived his speedy trial rights and ultimately reached a separate agreement to plead guilty to a misdemeanor in Albany City Court; he was released from county jail after defendant entered his guilty plea, allegedly with a time-served disposition. Defendant did not pursue a direct appeal.
In October 2018, defendant moved pro se under CPL article 440 to vacate his judgment of conviction based on ineffective assistance of counsel as his trial counsel allegedly failed to secure his appearance before the grand jury and failed to raise a speedy trial violation. County Court (Carter, J.) denied this motion without a hearing. In January 2023, defendant, this time through counsel, filed a second CPL article 440 motion, again asserting that he received ineffective assistance of counsel, this time based on an alleged conflict of interest between his and the codefendant's counsel. Specifically, defendant contended that his trial counsel and the codefendant's trial counsel were associated with the same law firm, that his counsel failed to advise him that this was an actual or potential conflict of interest and failed to obtain a waiver of such conflict, and that such conflict operated upon the defense of his case. The People opposed such motion, acknowledging that if the two attorneys had been associated with the same law firm that it could give rise to an actual conflict, but confirmed a discussion with defendant's trial counsel that she maintained a separate law practice from the codefendant's trial counsel. County Court (Little, J.) denied defendant's motion, without a hearing, finding that his ineffective assistance of counsel claim was procedurally barred because defendant was aware of the underlying facts and could have raised them on direct appeal or in his first [*2]CPL article 440 motion, but did not do so. County Court further determined that the interest of justice did not warrant consideration of the motion based on the conclusory allegations of defendant, his sister and the codefendant. Defendant appeals by permission.
Defendant contends that County Court abused its discretion by denying his motion without a hearing pursuant to CPL 440.10 (3) (c). We find this contention to have merit. A court may deny a motion to vacate a judgment when, having made a prior CPL article 440 motion, "the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so" (CPL 440.10 [3] [c]). However, such denial is "not mandatory as CPL 440.10 (3) provides that in the interest of justice and for good cause shown the court may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment" (People v Perez, 185 AD3d 1156, 1158 [3d Dept 2020] [internal quotation marks, brackets and citation omitted]; see People v Lee, 172 AD3d 1925, 1926 [4th Dept 2019]). When considering a motion to vacate, "a hearing is warranted when the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Bailey, 232 AD3d 1031, 1036 [3d Dept 2024] [internal quotation marks, brackets and citation omitted], lv denied 43 NY3d 929 [2025]). "We review the summary denial of a CPL article 440 motion under an abuse of discretion standard" (People v Wright, 27 NY3d 516, 520 [2016] [citation omitted]).
As relevant here, when "an ineffective assistance of counsel claim is premised upon a perceived conflict of interest, the law draws a distinction between actual and potential conflicts" (People v Thomas, 217 AD3d 1125, 1126 [3d Dept 2023], lv denied 40 NY3d 1013 [2023]). First, "[a]n actual conflict exists if an attorney simultaneously represents clients whose interests are opposed and, in such situations, reversal is required if the defendant does not waive the actual conflict" (People v Hines, 228 AD3d 995, 996 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 938 [2024]). The same is true for attorneys associated with the same firm simultaneously representing clients in a criminal matter (see People v Jackson, 138 AD3d 1431, 1432 [4th Dept 2016]; People v Lynch, 104 AD3d 1062, 1062-1063 [3d Dept 2013]). Alternatively, where a potential conflict exists, reversal is only required where "a defendant shows that a potential conflict actually operated on the conduct of [the] defense" (People v Mero, 43 NY3d 407, 416 [2024]; see People v Brown, 33 NY3d 983, 987 [2019]).
Here, defendant contends that he received the ineffective assistance of counsel due to an actual or potential conflict of interest between his trial counsel and the codefendant's trial counsel. In support of his motion, defendant submitted an affidavit from his sister, who averred that she met with defendant's trial [*3]counsel in a law office that was shared with the codefendant's trial counsel. According to the sister, she hired and paid attorney Danielle Neroni Reilly to represent defendant. While there, the sister asked Reilly to recommend an attorney for the codefendant in connection with the same incident. The sister averred that Reilly recommended attorney William D. Roberts, who was then called out from another office to speak with her about the case. During this conversation, the sister contends that both attorneys represented they were a part of the same law firm and worked "closely together," which would be beneficial in representing the codefendant; the sister then paid the same retainer fee for Roberts to represent the codefendant. In his affidavit in support, defendant averred that, despite being arrested together and charged with various drug offenses, he was indicted but the codefendant was not. According to defendant, Reilly ultimately advised him to waive suppression hearings and accept a guilty plea because, if he did, the codefendant would be released on a misdemeanor charge — which did occur. The codefendant provided in an affidavit that he believed Reilly and Roberts were associated with the same law firm. The codefendant confirmed that, after learning from Roberts that he waived the codefendant's speedy trial challenge to wait for defendant to accept a plea and be sentenced, he was released from jail.
Although the People opposed the motion, contending that Reilly confirmed with their office that she was not in the same law firm with Roberts, this only pertains to the issue of an actual conflict of interest. In addition to being a nonrecord fact that could not have been raised on direct appeal and is appropriate in a CPL article 440 motion (see People v Mobley, 59 AD3d 741, 742 [2d Dept 2009], lv denied 12 NY3d 856 [2009]), the People's contention also does not address a potential conflict of interest which may arise from an ongoing business relationship — an issue that this Court has addressed several times in recent years, each time within the context of a CPL article 440 motion being denied after a hearing was conducted (see People v Mero, 221 AD3d 1242, 1243 [3d Dept 2023], affd 43 NY3d 407 [2024]; see also People v Hines, 228 AD3d at 996-997; People v Thomas, 217 AD3d at 1127-1128). Indeed, County Court even recognized that it was undisputed that Reilly and Roberts maintained the same address for their law practice. Each of the affidavits in support further reflected that the attorneys gave the impression that they were associated in the same law firm or that they had worked closely with each other. Both defendant and the codefendant acknowledged that they were not advised of a potential conflict of interest, and our review of the record fails to reveal any consent or waiver by defendant for such alleged conflicts. While it is true that defendant failed to provide an affidavit from either attorney, or explain why he was unable to obtain [*4]same, this is not automatically fatal to his motion — particularly where many of the facts are corroborated in the record (see People v Jackson, 138 AD3d at 1433; see also People v Stevens, 64 AD3d 1051, 1053 n [3d Dept 2009], lv denied 13 NY3d 839 [2009]). This is particularly true considering that the codefendant alleged his speedy trial challenge was waived by Roberts to allow defendant to accept a plea and be sentenced, demonstrating that Reilly and Roberts had been at least aware of each other's strategy in resolving the charges against their respective client. Yet, there exists a stark contrast of the sentences between defendant, who received 12 years of incarceration with 5 years of postrelease supervision, and the codefendant, who allegedly received time served. These differences are not explained in the record before us, and give rise to questions of fact about whether the relationship between Reilly and Roberts may have operated on the defense by impairing the best strategy for defendant (see People v Brown, 33 NY3d at 987; People v Jackson, 138 AD3d at 1432-1433; see also People v Lynch, 104 AD3d at 1063-1064). This is not to say that we interpret defendant to be successful in his challenge, as the recent cases involving the business relationship between a defense counsel and an assistant district attorney ultimately proved not to be (see People v Mero, 43 NY3d at 416-417; People v Hines, 228 AD3d at 996-997; People v Thomas, 217 AD3d at 1127-1128). Rather, on this record, we conclude that County Court abused its discretion in determining that a hearing was not warranted to address the allegations in defendant's CPL article 440 motion (see People v Phelps, 236 AD3d 1194, 1198 [3d Dept 2025]; see also People v Brown, 33 NY3d at 987; People v Perez, 185 AD3d at 1159; People v Jackson, 138 AD3d at 1433).
Pritzker, J.P., Lynch, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Albany County for a hearing on defendant's motion.

Footnotes

Footnote 1: There is a familial relationship between defendant and the codefendant, but the exact relationship is unclear from the record.