Eldridge Props., Inc. v Skarla (2020 NY Slip Op 04729)





Eldridge Props., Inc. v Skarla


2020 NY Slip Op 04729


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2015-03365
 (Index No. 10936/07)

[*1]Eldridge Properties, Inc., successor in interest to Paragon Federal Credit Union, respondent, 
v
Helen Skarla, appellant, et al., defendants; NPFST, Inc., et al., intervenors-defendants-respondents.


George Gavalas, P.C. (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Helen Skarla appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered March 27, 2015. The order, insofar as appealed from, denied those branches of that defendant's cross motion which were to direct the plaintiff to provide her with a payoff statement and to consolidate the instant action with an action, inter alia, to recover damages for fraud and breach of fiduciary duty entitled Skarla v NPSFT, LLC, pending in the Supreme Court, Queens County, under Index No. 90/14.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
Following the issuance of a judgment of foreclosure and sale on two properties owned by the defendant Helen Skarla, a foreclosure sale was conducted on May 3, 2013, and a referee's deed to the properties was issued to the plaintiff. The plaintiff then conveyed the subject properties to the intervenors-defendants, NPSFT, LLC, and NPSFT1, LLC (hereinafter together NPSFT). Subsequently, Skarla moved, inter alia, to set aside the foreclosure sale and to vacate the referee's deed and the deeds to NPSFT, and that branch of the motion was granted. In response to a subsequent reargument motion by the plaintiff and NPSFT, Skarla cross-moved to direct the plaintiff to provide her with a payoff statement for the subject mortgages and to consolidate the instant action with an action, inter alia, to recover damages for fraud and breach of fiduciary duty commenced against, among others, Skarla's former counsel in the instant foreclosure action. By order entered March 27, 2015, the Supreme Court, inter alia, denied Skarla's cross motion. Skarla appeals.
We agree with Skarla that she is entitled to redeem the subject properties by tendering the full sum owed at any point before the properties are actually sold at a foreclosure resale (see NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp., 13 NY3d 573, 579). However, on the record before us, the Supreme Court properly declined to direct the plaintiff to deliver a payoff statement pursuant to Real Property Law § 274-a, as Skarla did not demonstrate that she had "executed and delivered to another a written contract to convey, or . . . received a written commitment to make a mortgage loan upon, the [subject] real proper[ties] or an interest therein" (Real Property Law § 274-a; see Flushing Sav. Bank, FSB v Toju Realty Corp., 129 AD3d 1018, 1019).
Furthermore, the Supreme Court did not improvidently exercise its discretion in denying that branch of the cross motion which was to consolidate the instant foreclosure action with the action, inter alia, to recover damages for fraud and breach of fiduciary duty (see CPLR 602). The instant action has already proceeded to judgment (see Indymac Bank, F.S.B. v Vincoli, 105 AD3d 704, 707), and moreover, the actions do not involve common questions of law or fact (see Hershfeld v JM Woodworth Risk Retention Group, Inc., 164 AD3d 1423, 1424; cf. Rhoe v Reid, 166 AD3d 919).
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court