Wilmington Sav. Fund Socy., FSB v 117 Pulaski, LLC (2021 NY Slip Op 04735)





Wilmington Sav. Fund Socy., FSB v 117 Pulaski, LLC


2021 NY Slip Op 04735


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-14716
 (Index No. 510450/17)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant, 
v
117 Pulaski, LLC, et al., respondents, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Max T. Saglimbeni of counsel), for appellant.
Avi Rosengarten, Brooklyn, NY, for respondent Maurice Cubas.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated October 10, 2018. The order granted the separate motions of the defendant 117 Pulaski, LLC, and the defendant Maurice Cubas pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred.
ORDERED that the order is affirmed, with costs.
In September 2005, the defendant Maurice Cubas borrowed the sum of $600,000 from the plaintiff's predecessor in interest, BNC Mortgage, Inc. The loan was secured by a mortgage encumbering certain property in Brooklyn. Cubas allegedly defaulted on the loan by failing to make the installment payments due and payable on October 1, 2006, and thereafter.
On or about April 24, 2007, US Bank National Association commenced an action against Cubas, among others, to foreclose the mortgage (hereinafter the 2007 action). However, the 2007 action was voluntarily discontinued on September 18, 2008. Thereafter, on or about December 19, 2008, Property Asset Management, Inc., commenced a second action against Cubas, among others, to foreclose the mortgage (hereinafter the 2008 action). However, by order dated April 8, 2014, the Supreme Court directed dismissal of the 2008 action pursuant to CPLR 3215(c), without prejudice, and directed the Kings County Clerk to cancel the notice of pendency. In January 2016, Cubas conveyed the subject property to the defendant 117 Pulaski, LLC (hereinafter 117 Pulaski).
On May 25, 2017, the plaintiff commenced the instant foreclosure action against 117 Pulaski and Cubas, among others, alleging that Cubas defaulted in payment on June 1, 2011. Though personally served with the summons and complaint on June 29, 2017, Cubas did not interpose an answer until September 14, 2017. In lieu of filing an answer, on or about September 15, 2017, 117 Pulaski moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. The plaintiff opposed 117 Pulaski's motion. Subsequently, Cubas separately moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. The plaintiff opposed Cubas's motion.
By order dated October 10, 2018, the Supreme Court granted the separate motions of 117 Pulaski and Cubas. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986).
Here, in support of their separate motions, 117 Pulaski and Cubas demonstrated that the 2008 action, commenced on or about December 19, 2008, called due the entire debt. Since the plaintiff did not commence the instant action until May 25, 2017, these defendants established, prima facie, that the instant action was untimely (see Deutsche Bank Natl. Tr. Co. v Baquero, 192 AD3d 660, 661, citing Freedom Mtge. Corp. v Engel, 37 NY3d 1).
Where, as here, a defendant satisfies the initial burden of proof on a motion pursuant to CPLR 3211(a)(5), "the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Stewart v GDC Tower at Greystone, 138 AD3d 729, 730). Here, in opposition to the respective prima facie showings of 117 Pulaski and Cubas, the plaintiff failed to raise a question of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the separate motions of 117 Pulaski and Cubas pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court