HSBC Bank USA, N.A. v Francis (2023 NY Slip Op 00992)

HSBC Bank USA, N.A. v Francis

2023 NY Slip Op 00992

Decided on February 22, 2023

Appellate Division, Second Department

Dillon, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-03967
 (Index No. 712696/17)

[*1]HSBC Bank USA, N.A., respondent,
v
Beverly Francis, etc., appellant, et al., defendants. APPEAL by the defendant Beverly Francis, in an action to foreclose a mortgage, from an order of the Supreme Court (Denis J. Butler, J.), dated January 2, 2020, and entered in Queens County. The order granted that branch of the plaintiff's cross-motion which was to consolidate the instant action with an action titled HSBC Mortgage Corporation (USA) Francis, pending in the Supreme Court, Queens County, under Index No. 14803/08, and denied, as academic, the motion of the defendant Beverly Francis pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted her and for summary judgment on her counterclaim pursuant to RPAPL 1501(4), inter alia, to cancel and discharge the subject mortgage. Charles Wallshein, PLLC, Melville, NY, for appellant.

LOGS Legal Group, LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DILLON, J.P.

OPINION & ORDER
On this appeal we consider whether the Supreme Court improvidently exercised its discretion in granting a motion to consolidate two actions where, faced with an apparently meritorious motion to dismiss the complaint as time-barred in one action, the plaintiff sought to avoid dismissal by moving to consolidate that action with a timely action. We hold that, in this case, the court improvidently exercised its discretion in granting consolidation and that, in general, consolidation should be denied where one of the cases to be consolidated is confronted with a pending, apparently meritorious motion to dismiss.
I. Relevant Facts
In 2007, the defendant Beverly Francis (hereinafter the defendant), executed a note that was secured by a mortgage on certain real property located in Queens. The next year, the plaintiff's predecessor in interest commenced an action to foreclose that mortgage (hereinafter the 2008 action). The defendant did not appear in the 2008 action. The plaintiff's predecessor in interest obtained an order of reference and a judgment of foreclosure and sale. The plaintiff's predecessor in interest later moved, in effect, to vacate the judgment of foreclosure and sale, so that a corrected judgment could be entered instead, and that motion was granted. No judgment was entered thereafter. On this record, the 2008 action was never discontinued or dismissed.
In 2017, the plaintiff commenced this action to foreclose the same mortgage (hereinafter the 2017 action). The defendant interposed an answer, asserting affirmative defenses and counterclaims. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her on the ground of untimeliness and for summary judgment on her counterclaim pursuant to RPAPL 1501(4), inter alia, to cancel and discharge the subject mortgage. The plaintiff cross-moved, among other things, to consolidate the 2008 action and the 2017 action.
In an order dated January 2, 2020, the Supreme Court granted that branch of the plaintiff's cross-motion which was to consolidate the 2008 action and the 2017 action, and denied, as academic, the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her and for summary judgment on her counterclaim pursuant to RPAPL 1501(4), inter alia, to cancel and discharge the subject mortgage. The court reasoned that the cases arose from identical facts and circumstances, involved common questions of law and fact, and involved causes of action to foreclose on a residential mortgage. Consolidation, in the court's view, would avoid unnecessary duplication of trials and the possibility of inconsistent verdicts since both actions arose from the same transaction or occurrence. The court held that the defendant's dismissal motion was denied as "moot, in light of the consolidation." The defendant appeals.
II. Legal Analysis
On her appeal, the defendant challenges, among other things, the grant of that branch of the plaintiff's cross-motion which was to consolidate the 2008 action and the 2017 action, and the denial of that branch of her motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint in the 2017 action insofar as asserted against her as time-barred.
A party may move for judgment dismissing one or more causes of action asserted against it on the ground that the cause of action may not be maintained because of the statute of limitations (see CPLR 3211[a][5]). "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Cadlerock Joint Venture, L.P. v Trombley, 189 AD3d 1157, 1158). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Here, on her motion, the defendant demonstrated that the 2008 action called due the entire debt and that the 2017 action was therefore untimely under the applicable six-year statute of limitations (see CPLR 213[4]; Wilmington Sav. Fund Socy., FSB v 117 Pulaski, LLC, 197 AD3d 686, 687). Thus, with the defendant having satisfied her initial burden of proof as to the untimeliness of the 2017 action, the burden shifted to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see Wilmington Sav. Fund Socy., FSB v 117 Pulaski, LLC, 197 AD3d at 687; Barry v Cadman Towers, Inc., 136 AD3d at 952).
On its cross-motion, inter alia, to consolidate, the plaintiff made an argument to the effect that the statute of limitations defense failed once the 2017 action was consolidated with the timely 2008 action. The Supreme Court found this argument persuasive, as it granted that branch of the plaintiff's cross-motion which was to consolidate and denied the defendant's motion as "moot, in light of the consolidation."
CPLR 602(a) provides that "[w]hen actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."
Consolidation has been described as the "merging" (Matter of Associated Blind Hous. Dev. Corp. v State of N.Y. Dept. of Pub. Serv., 142 AD2d 825, 827) or "fusing" (Kelley v Galina-Bouquet, Inc., 155 AD2d 96, 101 [internal quotation marks omitted]) of two or more actions into one action (see id. at 101-102; Matter of Associated Blind Hous. Dev. Corp. v State of N.Y. Dept. of Pub. Serv., 142 AD2d at 827). The consolidated action has one caption, with one group of plaintiffs against one group of defendants, and results in one verdict or decision and one judgment with one bill of costs (see Matter of Consolidated Edison Co. of N.Y., Inc. v New York State Bd. of [*2]Real Prop. Servs., 176 AD3d 1433, 1436; Mars Assoc. v New York City Educ. Constr. Fund, 126 AD2d 178, 185; Padilla v Greyhound Lines, 29 AD2d 495, 497; Rosado v Valvo, 58 Misc 2d 944, 946 [Sup Ct, Kings County]). The former defendants in the actions all become codefendants together, with the possibility of amended pleadings asserting additional claims (see Vidal v Sheffield Farms Co., 208 Misc 438, 440 [Sup Ct, Bronx County]). By contrast, the joinder of two or more actions under the same enabling statute, CPLR 602(a), continues the separateness of each of the actions presenting common questions of law or fact, allowing for joint proceedings but separate verdicts and judgments (see Calle v 2118 Flatbush Ave. Realty, LLC, 209 AD3d 961, 963; Longo v Fogg, 150 AD3d 724, 725; Sample v Temkin, 87 AD3d 686, 687). "Consolidation or joint trials are 'favored by the courts in serving the interests of justice and judicial economy'" (Bruno v Capetola, 101 AD3d 785, 786, quoting Flaherty v RCP Assoc., 208 AD2d 496, 498).
Where common questions of fact or law exist, a motion pursuant to CPLR 602(a) for consolidation or joinder should be granted, absent a showing of prejudice to a substantial right by the party opposing the motion (see Disa Realty, Inc. v Rao, 198 AD3d 869, 871; Bruno v Capetola, 101 AD3d at 786). "Consolidation is appropriate where it will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts" (Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 850). Denial of a motion to consolidate or for a joint trial "may be warranted where common questions of law or fact are lacking, where the actions involve dissimilar issues or disparate legal theories, or where a joint trial would substantially prejudice an opposing party or pose a risk of confusing the jury or rendering the litigation unwieldy" (Cromwell v CRP 482 Riverdale Ave., LLC, 163 AD3d 626, 627-628 [citations omitted]; see Weiss & Biheller, MDSE, Corp. v Preciosa USA, Inc., 127 AD3d 1176, 1176; American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620; Skelly v Sachem Cent. School Dist., 309 AD2d 917, 918; Gouldsbury v Dan's Supreme Supermarket, 138 AD2d 675, 675-676). Moreover, the mere commonality of fact or law does not, ipso facto, require that consolidation or joinder of related actions always occur (see e.g. County of Westchester v White Plains Ave., LLC, 105 AD3d 690 [despite common questions fact, the consolidation of a legal malpractice and a breach of contract action was properly denied as, inter alia, the legal malpractice matter involved additional allegations of professional negligence that were irrelevant to the breach of contract action]).
The Supreme Court's discretion to consolidate or join actions is not unfettered, as it is reviewable on appeal to the Appellate Division under an improvident exercise of discretion standard (see Eldridge Props., Inc. v Skarla, 186 AD3d 798, 799; Hershfeld v JM Woodworth Risk Retention Group, Inc., 164 AD3d 1423, 1424; Matter of Joseph J., 106 AD3d 1004, 1006).
Turning to the case at bar, consolidation is inapt. Granted, both actions are to foreclose on the same mortgage securing the same debt owed by the same defendant. However, in our view, a precondition for merging two or more actions is that each action should itself be viable, meaning that neither is confronted with a pending—and apparently meritorious—motion to dismiss. Once the defendant here met her burden of establishing, prima facie, that the time in which to commence the 2017 action had expired, it became the plaintiff's burden to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period. The plaintiff could not meet that shifted burden by merely asserting that the 2017 action will become timely once it is merged with the timely 2008 action. The purpose of consolidation under CPLR 602(a) is not to provide a party with a procedural end run around a legal defense applicable to one of the actions. In our opinion, in such instances, judicial discretion should not be used to cure the untimeliness of one action by tethering it to a related timely action. We hold, as an issue of apparent first impression that, in this case, the Supreme Court improvidently exercised its discretion in granting consolidation and that, in general, consolidation should be denied where one of the cases to be consolidated is subject to a meritorious motion to dismiss.
Appellate authority on this issue, although limited to actions where dismissals were [*3]granted so as to render the issue of consolidation academic, supports our conclusion [FN1]. In Giordano v Valhalla Heating Plant (32 AD3d 897) (hereinafter Valhalla), this Court affirmed an order granting the defendant's motion to dismiss the complaint as time-barred and denying the plaintiff's cross-motion for leave to amend the caption and the complaint, and to consolidate the action with other actions. In Valhalla, this Court held that the "Supreme Court properly granted the defendant's motion to dismiss the complaint, and properly denied the plaintiff's cross motion" (id. at 897). In support of its determination, this Court cited to a case decided therewith, Giordano v Westchester County Dept. of Parks, Recreation & Conservation (32 AD3d 897) (hereinafter Westchester County). In Westchester County, this Court likewise affirmed an order granting the defendant's motion to dismiss the complaint as time-barred and denying the plaintiff's cross-motion for leave to amend the caption and the complaint, and to consolidate the action with other actions. This Court explained why the Supreme Court properly granted the defendant's motion to dismiss the complaint as time-barred, and further held that the plaintiff's remaining contentions either had been rendered academic or were without merit.
This Court took similar action in Maietta v Penzer (21 AD3d 1009). In Maietta, this Court upheld the grant of the motion of the defendant Raymond Reich to dismiss the complaint insofar as asserted against him and the denial of the plaintiffs' cross-motion to consolidate the action with another action. This Court held that the Supreme Court properly directed dismissal of the complaint insofar as asserted against Reich as time-barred. Additionally, it offered this analysis: "[w]hether an action was timely commenced as against Reich in Nassau County for the same relief cannot be determined from the instant record. Further, because it may entail both factual and discretionary determinations, it is an issue best resolved by the Nassau County courts. Thus, the plaintiffs' cross motion to consolidate this action with the Nassau County action was properly denied" (id. at 1009). Irrespective of this Court's analysis on the issue of consolidation in Maietta, the result reached there—affirming the grant of statute of limitations dismissal and the denial of consolidation—supports the conclusion we reach here (see also Yokley v Henry-Clark Assoc., 170 Misc 2d 779, 782 [App Term, 2d Dept] ["We further find that there is no basis to consolidate this action with a prior nonpayment proceeding commenced by landlord in 1981 in order to avoid the consequence of a dismissal on [s]tatute of [l]imitations grounds"]).
Moreover, we note that, leaving aside the untimeliness of the 2017 action, there is an additional procedural challenge further demonstrating that consolidation is not appropriate in this instance. The actions are at very different procedural stages, with an order of reference and a judgment of foreclosure and sale having been entered already, though the judgment was vacated on motion, in the 2008 action. Additionally, the defendant failed to appear in the 2008 action but answered in the 2017 action. Were the actions merged, would the defendant be properly viewed as having defaulted in appearing in that merged action, or would she be properly viewed as having appeared in it? These two cases should not be consolidated where the defendant has defaulted in one but appeared and answered in the other.
III. Miscellaneous
The defendant's remaining contentions either have been rendered academic in light of our determination or are without merit.
Accordingly, the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to [*4]CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her, and substituting therefor a provision granting that branch of the defendant's motion, and by deleting the provision thereof granting that branch of the plaintiff's cross-motion which was to consolidate the 2017 action with the 2008 action, and substituting therefor a provision denying that branch of the plaintiff's cross-motion; as so modified, the order is affirmed.
BARROS, GENOVESI and TAYLOR, JJ., concur.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Beverly Francis which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her, and substituting therefor a provision granting that branch of that defendant's motion, and by deleting the provision thereof granting that branch of the plaintiff's cross-motion which was to consolidate the instant action with an action titled HSBC Mortgage Corporation (USA) v Francis, pending in the Supreme Court, Queens County, under Index No. 14803/08, and substituting therefor a provision denying that branch of the plaintiff's cross-motion; as so modified, the order is affirmed, with costs to the defendant Beverly Francis.
ENTER:
Maria T. Fasulo
Clerk of the Court

Footnotes

Footnote 1: Moreover, our result may be compelled by the "foreclosure abuse prevention act" (see L 2022, ch 821 [hereinafter the Act]). The Act, effective December 30, 2022, "shall take effect immediately and shall apply to all actions commenced on an instrument described under subdivision four of section two hundred thirteen of the civil practice law and rules in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821 § 10). Its amendments to various statutes, particularly to RPAPL 1301, may dictate the result here, as application of that newly amended statute suggests that one action is deemed discontinued. At the same time, application of the Act's changes to the case at bar has not been raised by the litigants and "[w]e are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d 511, 519).