Deutsche Bank Natl. Trust Co. v Johnson (2024 NY Slip Op 05327)

Deutsche Bank Natl. Trust Co. v Johnson

2024 NY Slip Op 05327

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-07638
 (Index No. 500781/20)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Bruce Johnson, appellant, et al., defendants.

Lee M. Nigen, Valley Stream, NY, for appellant.
Berkman, Henoch, Peterson & Peddy, P.C., Garden City, NY (Megan K. McNamara and Hillary Prada of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bruce Johnson appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 1, 2022. The order, insofar as appealed from, granted that defendant's motion for leave to amend his answer and denied that branch of that defendant's separate motion which was pursuant to CPLR 602 to consolidate this action with an action entitled Nationstar Mortgage, LLC v Johnson, commenced in the same court under Index No. 8693/07.
ORDERED that the appeal from so much of the order as granted the motion of the defendant Bruce Johnson for leave to amend his answer is dismissed, as that defendant is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In October 2006, the defendant Bruce Johnson (hereinafter the defendant) purportedly executed two notes in favor of American Brokers Conduit: one in the sum of $1,000,000 and another one in the sum of $200,000 (hereinafter the subject note). Both notes were purportedly secured by mortgages on the same real property located in Brooklyn.
In March 2007, Bank of New York commenced an action against the defendant, among others, to foreclose the mortgage that secured the $1,000,000 note, which was subsequently assigned Index No. 8963/07 (hereinafter the 2007 foreclosure action). In July 2017, an order and judgment of foreclosure and sale was issued in the 2007 foreclosure action.
In October 2017, the mortgage that secured the subject note was assigned to the plaintiff, and thereafter, the plaintiff commenced this action against the defendant, among others, to foreclose that mortgage. The defendant interposed an answer and subsequently moved for leave to amend his answer to assert affirmative defenses based on lack of standing and the statute of limitations. The defendant also separately moved, inter alia, pursuant to CPLR 602 to consolidate [*2]this action with the 2007 foreclosure action.
In an order dated August 1, 2022, the Supreme Court, among other things, granted the defendant's motion for leave to amend his answer and denied that branch of the defendant's separate motion which was pursuant to CPLR 602 to consolidate this action with the 2007 foreclosure action. The defendant appeals.
The defendant's appeal from so much of the order as granted his motion for leave to amend his answer must be dismissed on the ground that the defendant is not aggrieved by that part of the order which was in his favor (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 602 to consolidate this action with the 2007 foreclosure action (see HSBC Bank USA, N.A. v Francis, 214 AD3d 58, 65; IndyMac Bank, F.S.B. v Vincoli, 105 AD3d 704, 707).
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court