Darrisaw v Interfaith Med. Ctr. (2025 NY Slip Op 03177)

Darrisaw v Interfaith Med. Ctr.

2025 NY Slip Op 03177

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2021-02165
 (Index No. 512335/18)

[*1]Edmon Darrisaw, etc., respondent,
v
Interfaith Medical Center, appellant.

Schiavetti, Corgan, DiEdwards, Weinberg and Nicholson, LLP, New York, NY (Samantha E. Quinn of counsel), for appellant.
Sinel & Olesen, PLLC (Thomas Torto, New York, NY [Jason Levine], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated February 23, 2021. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging medical malpractice or, in the alternative, to dismiss, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to December 14, 2015, and to consolidate this action with an action entitled Darrisaw v Cabs Nursing Home Co., Inc., pending in the Supreme Court, Kings County, under Index No. 500700/18.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Janice Darrisaw (hereinafter the decedent) was transferred from a rehabilitation facility to the emergency room of the defendant, Interfaith Medical Center (hereinafter the hospital), for the first time in January 2015 due to shortness of breath and to rule out aspiration pneumonia. The decedent had multiple conditions, including pressure ulcers. The decedent was admitted to the hospital five additional times for various conditions including, inter alia, sepsis, respiratory distress, and hypotension. She was treated for pressure ulcers each time. In January 2016, the decedent died at the hospital.
In January 2018, the plaintiff commenced an action against, among others, the rehabilitation facility, alleging medical malpractice, negligence, wrongful death, and violations of Public Health Law §§ 2801-d and 2803-c (hereinafter the related action). The plaintiff alleged, inter alia, that the rehabilitation facility was negligent in its care of the decedent from on or about November 8, 2012, through on or about November 17, 2015 by, among other things, "failing to prevent pressure ulcers." Although the record included an affidavit of service indicating that one of the defendants in the related action was served with the summons and complaint, there was no answer filed.
In June 2018, the plaintiff commenced this action against the hospital, alleging that the hospital was negligent in its care of the decedent from on or about November 17, 2015, and [*2]continuing through on or about January 18, 2016, by, inter alia, failing to prevent pressure ulcers. After the note of issue was filed, the hospital moved, among other things, for summary judgment dismissing the cause of action alleging medical malpractice or, in the alternative, to dismiss, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to December 14, 2015, and to consolidate this action with the related action. The court, inter alia, denied those branches of the hospital's motion. The hospital appeals.
A defendant seeking summary judgment "must make a prima facie showing either that there was no departure from good and accepted medical practice, or that any departure was not a proximate cause of the plaintiff's injuries" (Rudenco v Abboud, 219 AD3d 1452, 1452 [internal quotation marks omitted]; see Hackett v Bybordi, 212 AD3d 598, 599). Where a defendant makes a prima facie showing, a plaintiff must then "submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Korszun v Winthrop Univ. Hosp., 172 AD3d 1343, 1345 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 23). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Wiater v Lewis, 197 AD3d 782, 783, quoting Feinberg v Feit, 23 AD3d 517, 519). "Conflicting expert opinions raise credibility issues which are to be resolved by the factfinder" (Elmes v Yelon, 140 AD3d 1009, 1011).
Here, the Supreme Court properly determined that the hospital met its prima facie burden of establishing its entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice by submitting an affirmation of its expert physician who opined that, based on his review of the decedent's medical records and the plaintiff's deposition testimony, the hospital did not depart from good and accepted medical practice and that any alleged departure was not a proximate cause of the decedent's injuries (see Martins v Fontanetta, 205 AD3d 798, 799; Powell v Singh, 199 AD3d 946, 948).
However, the Supreme Court properly determined that conflicting expert opinions rendered awarding summary judgment inappropriate (see Wiater v Lewis, 197 AD3d at 783; Feinberg v Feit, 23 AD3d at 519). In opposition to the motion, the plaintiff submitted an affirmation of his expert physician in which he opined, with citations to the record, that the hospital failed to re-position the decedent every two hours, noting that she should have been re-positioned "more frequently." Contrary to the hospital's contentions, the opinion of the plaintiff's expert was supported by the record and therefore was not speculative or conclusory and raised triable issues of fact (see Wiater v Lewis, 197 AD3d at 783; Feinberg v Feit, 23 AD3d at 519).
The Supreme Court also properly denied that branch of the hospital's motion which was to dismiss, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to December 14, 2015. Under the continuous treatment doctrine, the limitations period does not begin to run until the end of the course of treatment if three conditions are met: (1) the patient continued to seek, and in fact obtained, an actual course of treatment from the defendant during the relevant period; (2) the course of treatment was for the same conditions or complaints underlying the plaintiff's medical malpractice claim; and (3) the treatment is continuous (see Weinstein v Gewirtz, 208 AD3d 717, 718-719; Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850).
Here, the plaintiff raised questions of fact as to whether the treatment received by the decedent at the hospital constituted a continuous course of treatment (see Cohen v Gold, 166 AD3d 879, 882; Pichichero v Falcon, 142 AD3d 981, 984).
"Denial of a motion to consolidate . . . may be warranted where common questions of law or fact are lacking, where the actions involve dissimilar issues or disparate legal theories, or where a joint trial would substantially prejudice an opposing party or pose a risk of confusing the jury or rendering the litigation unwieldy" (HSBC Bank USA, N.A. v Francis, 214 AD3d 58, 63 [internal quotation marks omitted]; see Cromwell v CRP 482 Riverdale Ave., LLC, 163 AD3d 626, 627-628). The mere commonality of fact or law does not require the consolidation or joinder of related actions (see HSBC Bank USA, N.A. v Francis, 214 AD3d at 63).
The Supreme Court providently exercised its discretion in denying that branch of the hospital's motion which was to consolidate this action with the related action, given the very different procedural stages of the two actions at the time the motion was made (see id.; Cromwell v CRP 482 Riverdale Ave., LLC, 163 AD3d at 628).
Accordingly, we affirm the order insofar as appealed from.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court