U.S. Bank N.A. v Stuart (2026 NY Slip Op 00399)

U.S. Bank N.A. v Stuart

2026 NY Slip Op 00399

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-11115
 (Index No. 717108/20)

[*1]U.S. Bank National Association, etc., appellant,
vCraig Stuart, et al., respondents, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Sean Howland of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered June 21, 2023. The order denied the plaintiff's motion pursuant to CPLR 602(a) to consolidate this action with an action entitled U.S. Bank National Association v Stuart, pending in the Supreme Court, Queens County, under Index No. 712042/15.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 602(a) to consolidate this action with an action entitled U.S. Bank National Association v Stuart, pending in the Supreme Court, Queens County, under Index No. 712042/15, is granted.
In April 2006, the defendant Craig Stuart (hereinafter Craig) executed a note in favor of Southern Star Mortgage Corp. The note was secured by a mortgage that was signed by Craig, individually and as attorney-in-fact for the defendant Lois Stuart (hereinafter Lois), encumbering certain real property located in Queens.
In November 2009, the plaintiff commenced this action (hereinafter Action No. 1) against Craig and Lois (hereinafter together the defendants), among others, to foreclose the mortgage. Thereafter, in an order dated March 30, 2015, in Action No. 1, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Craig and that branch of the defendants' cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against Lois as abandoned.
In October 2015, the plaintiff commenced a second action (hereinafter Action No. 2) against, among others, Lois. Lois interposed an answer in which she asserted various affirmative defenses, including that the plaintiff lacked standing to commence Action No. 2, that the plaintiff failed to join a necessary party, that the plaintiff failed to comply with the Real Property and Procedure Law, that Action No. 2 was time-barred, and that the complaint failed to state a cause of action. By order dated December 13, 2017, in Action No. 2, the Supreme Court denied the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against Lois and to strike her answer and affirmative defenses, determining, inter alia, that the plaintiff made an improper successive motion for summary judgment.
The plaintiff moved pursuant to CPLR 602(a) to consolidate Action No. 1 with [*2]Action No. 2. The defendants opposed the motion. In an order entered June 21, 2023, the Supreme Court denied the motion. The plaintiff appeals.
"Although a motion pursuant to CPLR 602(a) to consolidate two pending matters is addressed to the sound discretion of the trial court, consolidation is favored by the courts in serving the interests of justice and judicial economy" (Lecorps v Bromberg, 127 AD3d 931, 932 [internal quotation marks omitted]; see Disa Realty, Inc. v Rao, 198 AD3d 869, 871). "Where common questions of fact or law exist, a motion pursuant to CPLR 602(a) for consolidation . . . should be granted, absent a showing of prejudice to a substantial right by the party opposing the motion" (HSBC Bank USA, N.A. v Francis, 214 AD3d 58, 62; see Disa Realty, Inc. v Rao, 198 AD3d at 871). "Consolidation has been described as the merging or fusing of two or more actions into one action" (HSBC Bank USA, N.A. v Francis, 214 AD3d at 62 [citations and internal quotation marks omitted]). "[A] precondition for merging two or more actions is that each action should itself be viable, meaning that neither is confronted with a pending—and apparently meritorious—motion to dismiss" (id. at 63).
Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 602(a) to consolidate Action No. 1 with Action No. 2. The plaintiff established that consolidation was appropriate, as the two actions involve common questions of law and fact since they are both related to an alleged default on the mortgage (see Disa Realty, Inc. v Rao, 198 AD3d at 871-872). Moreover, Action No. 1 and Action No. 2 are independently viable; neither action is "confronted with a pending—and apparently meritorious—motion to dismiss" (HSBC Bank USA, N.A. v Francis, 214 AD3d at 63). While Lois asserted various affirmative defenses in Action No. 2, she did not file a motion to dismiss. Further, the defendants failed to demonstrate that consolidation would cause them to suffer any prejudice to a substantial right (see Disa Realty, Inc. v Rao, 198 AD3d at 872).
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court